* By the Court.
As the plaintiff has an equitable and conscientious demand against the defendant, the Court have endeavored to discover some legal grounds on which she may have a remedy by this action. But no such principles are recognized.
The plaintiff, having a demand upon Pilsbury, constitutes the defendant her agent to recover for her a sum of money in satisfaction for her demand. The defendant, instead of money, receives a note of Pilsbury, made payable to him sell and discharges Pilsbury, as he was authorized to do by the plaintiff; or if there was no previous authority, she has since ratified the discharge, so that she has no remedy but against the defendant. The note was for a sum larger than the liquidated damages, and the difference was paid by the defendant to Pilsbury.
For this note the plaintiff has sued this action of trover; and to maintain it, she must prove a general or special property as against the defendant. These facts do not prove this property. If the note is to be considered as the property of those who are entitled to the money due on it, then it will be the joint property of the parties, for which neither could maintain trover against the other. If the defendant, on demand by the plaintiff, ha,d delivered her the note, she could have made no use of it. For what purpose, then, can she claim a property in it? In fact, when the defendant, instead of money, received this note of Pilsbury, and discharged him, the property of the note was in the defendant; and he became immediately answerable to the plaintiff for the amount of the liquidated damages, which made a part of the consideration of the note, as so much money received by him to her use, and an action of assumpsit is her proper remedy. For although the defendant received no money, yet by his transaction he discharged Pilsbury from the plaintiff’s demand on him for money, and he must be considered as having made himself answerable to her for the money he ought to have received of Pilsbury (2).

Judgment according to verdict.

 [It is difficult to reconcile this decision with the decisions which have been since reported.—Goodenow vs. Tyler, 7 Mass. 36.—Denton vs. Perkins & Al., 2 Pick. 86.— Chesterfield Manufacturing Company vs. Dehon & Al., 5 Pick. 7.—Thomson vs. Perkins & Al., 3 Mason, 232.—The defendant took the note for the plaintiff’s demand, and it was therefore her property, and the refusing to endorse it to her was a conversion of it to his use.—Ed.]