Wilde J.
delivered the opinion of the Court. This is an action of assumpsit, brought to recover the proceeds of sale of four hogsheads of gin, alleged to be the property of the plaintiffs. The gin was sold by them to one Bryant, on condition of his giving security for the purchase money. The security was not given, but the defendant contends that there was an absolute delivery of the property after the sale, amounting in law to a waiver of the condition. But it is quite apparent, from the evidence reported, that the plaintiffs did not intend to waive their security ; on the contrary, the per formance of the condition was insisted on by their clerk at the time of the delivery, and the vendee acquiesced. It is not necessary, in order to make the delivery conditional, that an express declaration should be made to that effect at the time of delivery. It is sufficient if enough appears to show that such was the understanding of the parties. We are therefore of opinion, on this point, that the property cf *468 the goods in question was not divested by the conditions sale.[1]
We are also of opinion, that as Bryant has since sold the goods and received payment by a promissory note of hand, the plaintiffs may waive the tort and maintain assumpsit against him for the proceeds of sale.[2] It does not appear by the report, that the note given to Bryant was negotiable, out it has been treated as such by the counsel in the argument. It is not, however, material to inquire as to this point, because the defendant had no concern or agency in the sale made by Bryant. ■ All that appears to charge him is, that he received the note taken by Bryant, as security for a debt, and that on demand made by the plaintiffs, he refused to deliver it over to them.
This refusal is the only ground of liability on which the plaintiffs can maintain their action. For it cannot be pretended that, without a demand; the plaintiffs could maintain an action against the defendant in any form. And it seems also to be equally clear, that they cannot, in an action of assumpsit, avail themselves of the liability, if any there be, arising from the demand and refusal. If the note demanded may be considered as the property of the plaintiffs, (as to which however we give no opinion,) then the refusal to give it up was a tort, and if the plaintiffs waive the tort, they thereby waive also their right of action. This appears to be an insuperable difficulty to the plaintiffs’ recovery in this form of action. If the plaintiffs had a right to demand the note, they may maintain trover. Or if the defendant had sold the note, they might maintain this action by waiving the tort. So also, as the defendant has received payment of the note in question since the commencement of the present suit, a new action against him might be maintained, either in the form ol *469 assumpsit, or of trover , unless he could show that the note was the property of Bryant, and that the plaintiffs’ remedy is only against him, or by pursuing the goods into the hands of the person to whom Bryant sold them. These however are questions which are not raised in the present case.
The cases cited by the plaintiffs’ counsel do not support them. In the case of Floyd v. Day, 3 Mass. R. 403, the defendant was the plaintiff’s agent to collect for her a demand she had against one Pilsbury. Bay received in payment a promissory note, which was indorsed to him ; and the Court held that he was liable to the plaintiff in assumpsit, he having discharged the demand against Pilsbury. In the case at bar the defendant has never acted as the plaintiffs’ agent. He has neither discharged nor compromised any demand due to them, nor was it competent for him so to do. So that the principles laid down in Floyd v. Day do not apply.
The case of Oughton v. West, 3 Stark. R. 331, was also a case of agency.' The defendant had undertaken to get a bill of exchange discounted for the plaintiff, and had passed the bill to a creditor in discharge of his own debt. It was considered that this was a discounting of the bill, and that he was liable in the same manner as he would have been if he had received the amount in money. We can perceive no bearing that this case can "have upon the one under consideration.
Upon the whole, whatever equity there may be in the plaintiffs’ claim, it is, we think, clear that this action cannot be maintained.

Verdict set aside and plaintiffs nonsuit.

 See Corlies v. Gardner, 2 Hall, 345; Reeves v. Harris, 1 Bailey, 563; Barrett v. Pritchard, 2 Pick. (2d ed.) 516, n. 1; De Wolf v. Babbett, 4 Mason 294; Copland v. Bosquet, 4 Wash, C. C. R. 588; Ward v. Shaw, 7 Wendell, 404; Reed v. Upton, 10 Pick. 522; Ayer v. Bartlett, 9 Pick. 156.

 See Jones v. Hoar, 5 Pick. 285; Stockett v. Watkins, 2 Gill & Johns 326; Cromwell v. Lovett, 1 Hall, 56; Cummings v. Noyes, 10 Mass. R (Rand’s ed.) 436, n. (b). As to payment by promissory note, see ante, 231 n. 1; 447, n. 1.