Harper, J.
delivered the opinion of the Court.
The first ground of appeal is, that “ the plea of pendency of another suit in Equity for the same matter, ought to have been sustained." We agree with the presiding Judge as to the second ground on which his decision rests, that the parties to the two suits were not the same. It is stated, and admitted to be sure, that M'Dowall & Black, the complainants to the bill in Equity, are the real plaintiffs in the present action ; but we are of opinion, that, for the purpose of sustaining such a plea, the parties to the record must be the same. In Saunders’ Treatise on Pleadings and Evidence, p. 17, it is laid down to be no plea, that another action is depending for the same cause, at the suit of another person. In Com. Dig. Abatement, (H. 24.) 7. it is said, that in an action against three, it is no plea that there is another action depending against two of them for the same cause. Nor in debt by two, that the obligation was to three, by whom an action is depending; nor that an action for the same cause is depending against a stranger; nor that a writ for the same cause is depending against others as executors of the same testator.
These cases seem stronger than the present, and support the position that the parties to the record must be the same. It would introduce much uncertainty into legal proceedings that evidence should be admitted to show, that the suit was brought for the benefit of another than the plaintiff on the record. The plaintiff in the record has the legal right of action, and it does not belong to a Court of law to establish a trust, or an equity. In the case supposed by counsel, of the assignee of a bond suing in his own name, and likewise in that of the original obligee, it is plain that such a plea could not be supported. *416 It is a sufficient security to a defendant in such case, that the plaintiff must fail in one of his actions, or that a recovery in one will be a bar to the other. Besides, it is plain from the bill and answer which were in evidence, that the present plaintiff has an interest in the suit. He will be liable to M‘Dowall & Black, to the same amount, if there should not be a recovery against the defendant. He is a defendant to the suit in Equity, and it will be competent to the complainants to apply for an injunction restraining him from receiving the money.
The 2d and 5th grounds for nonsuit, may be considered together. The bill of particulars is no part of the. record. If it be not filed, the defendant may refuse to plead until it shall be filed. If evidence is offered of demands not contained in the bill of particulars, the evidence may be objected to. But when evidence is given which fully sustains the count, it can be no ground for nonsuit, that it does not agree with that which is no part of the count.
As to the 3d ground for nonsuit, we concur with the presiding Judge, that the sheriff was bound to take notice of a judgment entered in his own district. There can be no doubt but that the elder judgment has the prior lien. Effect can be given to this lien only in one of two ways ; either by holding the land still subject to the older judgment, notwithstanding a sale under a younger ; or by holding the sale to be good for all the defendant’s interest in the land, and directing the proceeds to be paid to the elder. In the State v. Laval, 4 M‘C. 336, it was determined, that the sale under a younger execution conveys the whole of the defendant’s interests. It would be to render the lien of the older judgment a nullity, to say, that the sheriff is not bound to take notice of such a judgment, at least when entered in his own district.
The 4th and 6th grounds for nonsuit, and the 2d ground for new trial will be considered together. If authority to that effect be needed, it is said, 1 Bac. Abr. 261, Assumpsit. A. “ that if a sheriff levies money upon a fieri facias, the plaintiff may have an indebitatus assumpsit against him for so much money received to his use.” It is said, that if the plaintiff’s demand against the sheriff arises from a legal liability, the action must be special, and a general indebitatus assumpsit will not lie. This is true. If the demand arise merely from a legal liability incurred by an *417 official act, the action against the sheriff must be special, and his official character set forth. But if the sheriff have money in his hands belonging to a third person, it is immaterial whether it came into his hands by virtue of his office or not. This is not a mere legal liability arising from an official act. He must answer to the owner as any other bailee of money.
It remains to inquire, whether the defendant must be regarded as having in his hands the money of the plaintiff. It is admitted that defendant did not actually receive any money on the sale of the land to Gist. He made a conveyance of the land however, and acknowledged the receipt of the money by his deed. It is supposed that he took a bond of indemnity from Gist. The rule, contended for by the defendant’s counsel, is in general true,, that the action for money had and received will not. lie for that which is only money’s worth. If stock, or a bill of exchange, or promissory note, to which I have title, come into the hands of a third person, I cannot sustain the action for money had and received, though these have an ascertained money value, and are often used for the purposes of money. Such was the case of Nightingal v. Devisme, 5 Bur. 2589, in which money had and received was brought for East India stock.
I think there are cases however, which will warrant me in saying, that if a party have authority to receive money for another and to discharge the demand, and he thinks proper to receive any thing else than money, and does discharge the demand, he will be liable as for money had received. So I suppose it would be if he should discharge the demand without receiving •any thing, provided the demand would be effectually discharged in that way. In the ease of Beardsley v. Root, 11 Johns. 464, an attorney purchased land which was sold to satisfy his client’s judgment, discharged the execution and gave the defendant a receipt ; and he was held liable in an action for money had and received. The case of Floyd v. Day, 3 Mass. 403, cited in the last case, is to the same effect. There an agent to receive money took the debtor’s note, payable to himself, and discharged the note, and he was held immediately liable to his principal as for money had and received. The same principle may be collected from Scott and. others v. Surman and others, Willes, 400. The factors of a bankrupt had sold tar consigned to them, and re *418 ceived payment partly in money, and partly in a debt due by themselves to the purchasers. They were held liable for the whole amount as if they had received money.
The case of Longchamp v. Kenny, Doug. 137, is not inconsistent with this. There the plaintiff had intrusted the defendant with a masquerade ticket to be sold. Lord Mansfield held, that the action for money had and received would not lie for the price, without showing that the ticket had been disposed of. If it was still in defendant’s hands, trover was the proper remedy. Under the circumstances, it was presumed he had disposed of it. But if it had appeared, that defendant had actually disposed of it, although it had been in payment of his own debt, or for a note, or goods, it cannot be doubted, but that the action could have been maintained. In the present case the defendant had authority to receive the proceeds of the sale for the plaintiff; and it was his duty to receive them. He has conveyed the land to the purchaser and discharged him, and the plaintiff has no recourse against him. Whether the defendant received a bond of indemnity, or received nothing, I think he is liable on the principle of the authorities referred to, as for money had and received.
The only remaining ground which it is necessary to notice, is the 3d, for a new trial. As to this there can be no doubt. There is no warranty of title at sheriffs’ sales under execution. Only the defendant’s interest in the land, whatever that might be, was sold in the present instance, and if the purchaser bought his own land, it was his own folly. It was urged in argument that Gist purchased under a mistake, and that according to a recent decision,* a mistake even of law, may be corrected. It appears, however, from the Judge’s report, that the evidence was not offered to shew a mistake, but merely to show a title in Gist. And the alleged mistake was, as explained by the counsel in argument, not in supposing that the Weavers had a title to the land, when the title was in fact in himself, but in supposing his own was the oldest judgmeut. But if the matter were properly before us, it is plain that this could not come under the notion of *419 a mistake. He was ignorant whether there were older judgments or not: But this was not mistake. It was his own laches that he did not inquire. On all the grounds, the motion must be refused.

 Lawrence v. Beaubien, decided at Charleston in April last. A copy of this decision could not be obtained in time for publication in its proper place. It will appear among the cases of the next Charleston term. B.