SIDNEY BARTLETT, JR. vs. WILLIAM BRAMHALL.
SAME vs. SAME.

Where an assignment by a debtor of all his property to a trustee for the benefit of his creditors is avoided by one of the creditors, the trustee is liable to an assignee subsequently appointed under proceedings in insolvency, for all the property and the proceeds thereof, in money or notes, in his hands; and has no right to set off any debt due him from the debtor, or to deduct any compensation for his own services in executing the trust, but is entitled to deduct the necessary expenses of collection.

JOHN R. DOW & Co., having failed in business, on the 24th of February 1852 made an assignment, by indenture, of all their joint and separate property, not exempt by law from attachment, to the defendant, in trust, to convert it into money, and after deducting all costs, charges and expenses, to apply the proceeds of the partnership property to the payment of the partnership debts first, and then to the individual debts; the proceeds of the separate estates to the payment of the respective individual debts; and any residue to the debtors. By the terms of the assignment, the defendant was invested with the entire possession and control of the property, and with the power to do every thing in regard to it, for the purposes of the trust, which the debtors could have done; and agreed to accept and faithfully discharge the trust, being liable only for losses caused by his fraud or wilful negligence; and the creditors who became parties to it accepted the property assigned, in full satisfaction of their claims, and released the debtors from them, without, however, releasing any other parties liable for the same debt, or giving up any security. Any creditor, who should not execute the indenture within ninety days, was to be excluded from the benefit of it, unless the defendant should for any reason permit him to execute it afterwards. If all the creditors should not become parties to it within ninety days, the debtors might apply for the benefit of the insolvent laws; and if they should be declared insolvent, either on their own application or that of any creditor, the assignment was to be void in all its provisions, and the defendant was to deliver to the assignee in insolvency all the property assigned, or the proceeds thereof, deducting his actual expenses

and disbursements, and enough to indemnify him against liabilities incurred.

This assignment was executed by the debtors, by most of their joint and separate creditors, and by the defendant. One of the creditors of the partnership, who had not executed it, afterwards brought an action against them, in which the defendant was summoned as trustee, and which is still pending. After that action was brought, upon application made by one of the debtors for the purpose of protecting their creditors' rights, the partnership and each member of it were declared insolvent, and the plaintiff was duly elected assignee, and an assignment of all their property made to him by the commissioner on the 8th of August 1853.

The defendant, under the assignment to him, took possession of the cash, amounting to $405.63, and of the books of account, certain notes and acceptances, and insurance scrip, of the debtors; and previously to these suits, and to any demand by the plaintiff for the property, or the proceeds of it, had received upon such book debts, $4,849.48; and upon the notes and acceptances and insurance scrip, $192.51; and for other personal property, of which he never had the actual possession, $551.28; and had adjusted sundry book accounts, by taking notes therefor, which notes he held at the time of the commencement of these suits, together with so much of the property which came into his possession as had not been converted into cash.

At the times of the assignment to the defendant, and of the commencement of these suits, the debtors were indebted to the defendant in the sum of $1,161.99. The defendant had also, before these suits, necessarily expended $559.79 in the execution of the trust set out in the assignment to him. The defendant claims to be allowed these items of debt and expenses, and a fair compensation for his own services in taking charge of the property.

These two actions, the first of which was an action of tort for the conversion of the property, and the second an action of contract for money had and received, were submitted to the court upon the facts above stated, with an agreement that the plaintiff should have judgment in the first action for the amount of such

items as trover would lie for; and in the second action for the amount of the items, if any, which could not be recovered in trover, but might in an action for money had and received; allowing the defendant, in these judgments, the amount of any of the items claimed by him which he was entitled to have allowed in set-off or in any other way.

*D. Thaxter,* for the plaintiff.

*S. Bartlett,* for the defendant. The assignment to the defendant was not void, on the ground of its contravening the policy and provisions of the insolvent laws, but voidable merely. *Bigelow* v. *Baldwin,* 1 Gray, 245. *Hopkins* v. *Ray,* 1 Met. 79. Therefore, on the rescission of this assignment by the decree declaring the debtors insolvent, the assignment to the plaintiff passed to him whatever, at the time of the first publication of notice, could have been conveyed by the debtors, or taken on execution against them, and nothing more. *St.* 1838, *c.* 163, § 5.

As against the assignee in insolvency, whatever be the form of action, the defendant is entitled to apply the assets in his hands to the extinguishment of his debt; and the same would be true as against attaching creditors. *Bemis* v. *Smith,* 10 Met. 194. *Penniman* v. *Cole,* 8 Met. 496. That part of the assets, which was expended in the execution of the trust, before the application for the benefit of the insolvent laws, was expended under the assignment to the defendant, at the request of the debtors and their creditors, and cannot be recovered in any form of action; and the defendant should be allowed a full compensation for his services, rendered in conducting an agency lawfully created, and merely voidable. *Riggs* v. *Murray,* 2 Johns. Ch. 582. *Wakeman* v. *Grover,* 4 Paige, 43. *Ames* v. *Blunt,* 5 Paige, 20, 22, 24. *Peacock* v. *Tompkins,* Meigs, 330. *Crowninshield* v. *Kittridge,* 7 Met. 520.

METCALF, J. The assignment to the defendant may have been valid, as between the parties to it, but it was not valid against any creditor of the assignors, who was not a party to it. *Wyles* v. *Beals,* 1 Gray, 233. And it has been avoided at the instance of such a creditor. So much of the assigned property as remained specifically in the hands of the defendant, or under

his control, when proceedings in insolvency were instituted by the assignors, was transferred to the plaintiff. And there was also conferred on the plaintiff the right to recover of the defendant the full value of that part of the assigned property which he had sold, and also all the money which he had collected on the assignors' choses in action. He has no right to deduct therefrom the amount of his claim on the assignors, by way of set-off; but must prove that claim before the commissioner, and take his dividend, like other creditors.

The plaintiff, by agreement of the parties, is to have judgment, in the action of tort, for the value of all the property for which the defendant is liable in that form of action, and judgment, in the action for money had and received, for the money or money's worth that the defendant has received from a disposition of the assignors' property in a way which does not render him liable in trover. In trover, the plaintiff is entitled to recover the value of the goods at the time of conversion, with interest after, except when the goods, after conversion, have been restored ; and there can be no set-off, by the defendant, of any claim of his against the plaintiff.

But in an action for money had and received from a wrongful sale of property, the plaintiff can recover only the amount of money actually received by the defendant for the property ; and in many cases the defendant may set off his claim against the plaintiff. The tort and damages therefor are waived. In this form of action, this defendant is answerable for the several sums of money mentioned in the statement of facts, obtained by acts which are not technically a conversion of the property, including the amount of notes taken by him on his adjusting sundry book accounts of the assignors; (1 Steph. N. P. 328; *Floyd* v. *Day*, 3 Mass. 403 ;) deducting his expenses of collection, which the plaintiff must have incurred, if the defendant had not ; but deducting nothing for his labor and services, which are shown, by the events that have occurred, to have been unwarranted and illegal. The deduction for expenses of collection is not allowed as compensation to the defendant for collecting, but because the claims collected were not worth more to any body

than the sum which the claimants could obtain therefrom, after incurring the necessary expenses of collection. See *Martin* v. *Porter*, 5 M. & W. 354; *Morgan* v. *Powell*, 3 Ad. & El. N. R. 284, 285, and 2 Gale & Dav. 723–725; *Grimshaw* v. *Atterwell* 8 Car. & P. 6; *Wild* v. *Holt*, 9 M. & W. 672.

In the action of trover, the plaintiff is entitled to recover the value of the other goods and chattels that were assigned to the defendant and remained under his control.