## ALLEN *vs.* BROWN.

Where an agent, appointed to settle claims against a third party, receives from the debtor promissory notes for the amount, payable at future periods, which are perfectly good and in fact paid when due, and before maturity sells the same for less than the face thereof, without consulting with or informing his principals, and without making any inquiries of parties with whom funds have been deposited for their payment, and on being called upon to account denies that he has received any thing on the notes, for which he is liable to account, such sale is a clear violation of his duty to his principals, and warrants a finding that the sale was without authority.

In such a case the principals can recover of the agent the excess of the amount of the notes over and above the sum actually paid to him, under a complaint containing allegations equivalent, in substance, to the count for money had and received, to the whole amount of the notes.

Under such circumstances, the agent is liable upon the ground that the notes which he took in satisfaction of the demand of his principals being good and collectable, and he having by his transactions released the debtor, and deprived his principals of all remedy except against himself, he is to be treated as having made himself answerable to them for the full amount he ought to have received from the debtor.

Although, in general, to support the action for money had and received, it is necessary to prove that the defendant actually received money or its equivalent, for the use of the plaintiff, yet where property is received as money the action will lie, the same as if money had been received.

An assignment, by the creditors, transferring, in terms, to the assignee, all the right, title and interest of the assignors, and each of them, to the notes and the avails thereof, and the moneys received by their agent upon the settling and arranging of the claims against the debtor, passes their right of action against the agent, for money had and received, to the full amount of the notes.

Where such assignment is absolute, and valid on its face, and transfers to the assignee a perfect legal title, his right to maintain an action is not affected by the fact that nothing was paid for the assignment; nor by the circumstance that one of the assignors agreed to take care of the case and to save the assignee from costs if he was unsuccessful.

The fact that the principals were joint owners of the original claims against the debtor will not prevent either of them from maintaining an action to recover his share of the money collected thereon by their agent.

A PPEAL from a judgment entered on the report of a referee. The following facts were found by the referee:

Allen *v.* Brown.

1st. That in the spring of 1858, and prior thereto, Constant Cook, Jotham Clark, Trumbull Carey, and the defendant were owners of certain claims against the Madison and Indianapolis Railroad Company, a corporation organized under and in pursuance of the laws of the state of Indiana, amounting to over $2300, in which said claims, the said Cook, Clark, Carey and the defendant, were in all respects equally interested.

2d. That the said Cook, Clark and Carey, in or previous to the spring season of the year 1858, respectively authorized the defendant, who had an equal fourth interest in the said claim, to take charge of said claim, and in their behalf, collect, settle or arrange the same.

3d. That said defendant did, in pursuance of the authority thus conferred upon him by the said Cook, Clark and Carey, proceed to the state of Indiana, and did, on or about the 17th day of December, 1859, settle and arrange said claim, with said company, as well in his own behalf as in behalf of said Cook, Clark and Carey, and in full settlement thereof, did receive from said company, thirty-six income bonds of one thousand dollars each, at eighty cents on the dollar, or at twenty per cent discount; and three notes of said company, dated respectively on the first day of October, 1859, two of which were given for the sum of fourteen hundred and four dollars and sixty cents each; one of which was made payable in two years, and the other in three years from their dates, without interest; that the other of said three notes was made for the sum of $491.61, payable in eighteen months after date, without interest.

4th. That the income bonds received by the defendant in the said settlement and arrangement of said indebtedness were divided between the said Cook, Clark, Carey and the defendant, in a way satisfactory to them respectively.

5th. That in June, 1861, and after the settlement and arrangement of the said demand, the said Jotham Clark,

one of the owners of said claim, called upon the defendant for his portion of the avails of the said claim, as settled and arranged by the defendant; that the defendant claimed compensation for his services, before delivering over what he had received, and promised to make a statement of the items of his claim for services and expenses, but failed to do so, until in the month of March, 1863, when upon a demand made by Cook, Carey and Clark, for their respective shares of said notes given by said company, then, and not before, he rendered a specific account of his charges for his services, expenses and disbursements.

6th. That the notes given by said company were good security for the payment of their respective amounts, and were paid as they respectively became due, except the note for $491.61, which was paid to the defendant early in June, 1861.

7th. That in the month of October, 1861, the defendant, without authority from said Cook, Carey or Clark, or either of them, sold said note for $1404.60, payable in two years for $500, and afterwards, and shortly prior to the time when the note for $1404.60, payable in three years became due, without authority from Cook, Carey or Clark, sold the same for $1260.

8th. That the whole value of the defendant's services rendered, and his expenses and disbursements paid in making such settlement and arrangement, amounted on the 24th day of August, 1861, to the sum of $600; that the costs and expenses subsequently paid by him in said business with said company, in his efforts to collect for himself and the said Cook, Cary and Clark, the coupons on said income bonds, which fell due in April and October, 1860, a liability to pay which had been incurred by him prior to the 24th day of August, 1861, including the value of his services in adjusting and paying the same, amounting on the 24th day of December, 1861, to the sum of $375,

Allen *v.* Brown.

which in the opinion of the referee was a full and ample compensation for all the services rendered, and expenses incurred, and disbursements paid by him in and about said business, up to and including the charge in his account of the 24th of December, 1861. .

9th. That on the 13th day of May, 1863, the said Cook, Clark and Carey made an assignment in writing, and delivered the same to the plaintiff, by which they jointly and severally assigned to him, all and each of their joint or several rights, title and interest, in and to said notes and coupons detached from said bonds, or either of them, and to the money, notes, coupons, vouchers, or other vouchers or securities received by said defendant upon selling and arranging said claims, as fully as they or either of them owned the same; for this assignment, although it appears to have been made for value received, nothing was in fact,, paid by the plaintiff to the assignors.

The referee's conclusions of law from the foregoing facts were as follows, viz : .

1st. That the plaintiff, by the assignment, succeeded to all the rights of the assignors and had the right to maintain this action, and was entitled to the same recovery against the defendant, as the assignors would have been, had no assignment been made, and the action brought in their names.

2d. That the defendant, without authority from the said Cook, Clark or Carey, sold and disposed of said two notes of $1404.60 each, and was, therefore, inasmuch as the said notes were good and collectable, bound to account to the plaintiff for three fourths of the same, and interest secured to be paid thereby, and that he was also bound to account to the plaintiff for three fourths of the sum of $491.61, and interest from its maturity, (eighteen months from date.)

3d. That the defendant was entitled to have deducted, as of the 24th of August, 1861, three fourths of the value

of the services rendered, and expenses paid by him up to that date, in settling and arranging said claim, &c. and three fourths of the further sum of $375, as of the 24th of December, 1861, principally paid for costs in his efforts to collect said coupons.

4th. That the plaintiff was entitled to recover in this action against the defendant therein the sum of $2006.64, for which, besides the costs in this action to be adjusted, he was entitled to judgment.

Judgment being entered accordingly, the defendant appealed.

*John C. Strong*, for the appellant.

*D. Rumsey*, for the respondent.

*By the Court*, JAMES C. SMITH, J. The main question in this case is whether the defendant is liable for the excess of the amount due on the two notes sold by him, over and above the sum which he received therefor. The referee has deduced such liability as a legal conclusion, from the facts found by him, that the notes referred to were sold by the defendant without authority from the plaintiff's assignors, and that they were good security for their respective amounts. If the findings are warranted by the evidence, the conclusion is correct.

The defendant insists that the finding of the referee that the sale of the notes was without authority, is not warranted by the evidence. It appears from the testimony that the notes were executed by the president of the Madison and Indianapolis Railroad Company, dated the 1st of October, 1850, for $1404.60, each, and were payable at the office of Winslow, Lanier & Co. in the city of New York, one in two years, and the other in three years from their date. They were delivered to the defendant in settlement of certain claims against the company, held by

Allen *v.* Brown.

the defendant and the plaintiff's assignors, and in the settlement of which the defendant acted in his own behalf and also as the authorized agent of the other claimants. In September, 1861, the defendant sold the note which was to mature on the first of the next month, to a dealer in railroad securities in the city of New York, for $500, and in February, 1862, he sold the other note to the president of the company for $1260. The railroad company deposited funds with Winslow, Lanier & Co. for the payment of the notes, and they were in fact paid at maturity. When the defendant took the notes he was told by the president that they would undoubtedly be paid, and while he held them the notes of the company were esteemed good in Indiana. The defendant sold them without consulting with, or informing the plaintiff's assignors, and without making any inquiry of Winslow, Lanier & Co. The defendant was frequently called on by the plaintiff's assignors to account to them for the notes, but he uniformly denied that he had received any thing on them for which he was liable to account. Under these circumstances, the sale of the notes by the agent, at a sacrifice, without consulting his principals, was a clear violation of his duty to them, and the referee was fully warranted in finding that the sale was made without authority.

The defendant next argues that by reason of the form of the complaint, he is not liable for the excess of the amount of the notes over and above the sum actually paid to him. The complaint contains allegations which are equivalent in substance to the count for money had and received to the whole amount of the notes. It is true that, in general, to support the action for money had and received, it is necessary to prove that the defendant actually received money or its equivalent, for the use of the plaintiff. But the rule is not without exceptions. Thus, it is well settled, that where property is received as money, the action will lie, the same as if money itself had been re-

ceived. (7 *Cowen,* 622.) In the present case, the defendant is liable upon the ground that the notes which he took in satisfaction of the demand of his principals being good and collectable, and he having, by his transactions, released the debtor, and deprived his principals of all remedy except against himself, he is to be treated as having made himself answerable to them for the full amount he ought to have received from the railroad company. In *Jackson* v. *Baker,* (6 *Cowen,* 183, *note,*) it was held by the United States Circuit Court, in the district of Pennsylvania, that an action for money had and received will lie by a principal against his factor who sells his goods, and for the amount takes a bond to himself, including a debt of his own, and this though nothing is received. On motion for a new trial the ruling was affirmed upon the ground that by the conduct of the defendant in extinguishing the original debt, and destroying all privity between the plaintiff and the person to whom the goods were sold, he must be considered as a receiver of that debt to the use of the plaintiff, as much as if he had released the debt. The reasoning of the court in that case is applicable to the case at bar. The case of *Floyd* v. *Day,* (3 *Mass. R.* 403,) which is cited with approbation in *Beardsley* v. *Root,* (11 *John.* 464;) proceeds upon a similar ground, as appears by the statement contained in the opinion of Van Ness, J. in the contract referred to. To the same effect is the case *Denton* v. *Livingston,* (9 *John.* 96.) That was an action of *assumpsit* against the sheriff of Columbia county, for the amount of a sale of goods by him under a *venditioni exponas.* The defendant proved that among the goods sold was a sloop, which, at the time of the sale, was at Poughkeepsie, and the purchaser afterwards refused to pay for her, on the ground that the defendant had not delivered to him the possession of the sloop; and she was afterwards sold on another execution against the same judgment debtor, by the sheriff of Dutchess county, which execution

Allen *v*. Brown.

issued subsequently to the levy under the execution of the plaintiffs. The judge charged the jury that the plaintiffs were not entitled to recover for the amount at which the sloop sold, as it did not appear that the defendant had ever received the money. A motion for a new trial having been made, the counsel for the defendant, in opposing it, made use of the argument so strenuouly urged here, that the proper remedy was an action on the case sounding in *tort*, for a breach or neglect of duty, but the court ordered a new trial, holding that the sheriff was answerable in that form of action for the amount the sloop sold for, though he had not received the money. These cases, and many others in the books, fully sustain the position that the defendant is liable for the amount of the notes, in an action for money had and received.

This view of the case disposes of the further objection taken by the defendant that the claim in suit did not pass to the plaintiff under the assignment from Cook, Clark and Carey. The assignment transferred, in terms, all the right, title and interest of the assignors and each of them, to the notes, and the avails thereof, and the moneys received by the defendant upon the selling and arranging of the claims against the railroad company. It consequently passed their right of action against him for money had and received to the full amount of the notes referred to.

It remains to advert briefly to some other positions taken by the defendant's counsel.

1. The assignment is absolute and valid on its face, and transfers to the plaintiff a perfect legal title. His right to maintain the action is not affected by the fact that nothing was paid for the assignment, (27 *Barb.* 178; 38 *id.* 575;) nor by the circumstance that Cook, one of the assignors, agreed to take care of the case and to save the plaintiff from costs if he was unsuccessful.

2. It does not appear that the defendant and the plain-

tiff's assignors were partners. At most, they were but joint owners of the original claims against the railroad company, and there was nothing in that relation to prevent either of them from maintaining an action to recover his share of the money collected thereon by the defendant.

3. It is not apparent, as claimed by the defendant, that the referee has made a mistake in respect to the value of the defendant's services. He has probably adopted the sum stated by the defendant in his letter of the 24th August, 1861, as the measure of the compensation to which he was entitled up to that time. In that letter, the defendant does not claim any thing for disbursements in addition to the sum stated by him, and the referee was warranted in adopting that sum.

The judgment should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, September 4, 1865. *Johnson, J. C. Smith* and *E. D. Smith,* Justices.]