MARY A. KNOPE, Respondent, *v.* JOSEPH NUNN, Appellant.

81  349
151a 506
81h  349
60ad432

*A bond and mortgage taken upon the sale of land, owned by two tenants in common, in the name of one — remedy of the other tenant in common.*

It was shown upon the trial of an action that the plaintiff and the defendant had been the owners in common of certain real estate, and that a deed thereof was executed by them, and given to the defendant to deliver; that the defendant delivered the deed to the purchaser, and received back a bond and mortgage in his name alone.

*Held,* that the plaintiff was at liberty to treat the action of the defendant, in taking the security in his own name only, without her consent, as the appropriation of it for his own benefit, and that defendant was, therefore, liable to her for the share of the proceeds of the sale to which she was entitled;

That if by the terms of such security the plaintiff had no interest therein, the defendant was not in a situation to effectually assert, as a defense to an action brought against him by the plaintiff to recover her share of the purchase price, that she in fact had an interest therein;

That although the taking of the security by the defendant was not the receipt of the purchase money, yet the appropriation to himself of the security taken enabled the plaintiff to charge him with the purchase money as effectually as if it had been actually paid to and received by him;

That the plaintiff was at liberty to elect to treat the defendant, to the extent of her interest in the purchase money and as the holder of such security, as a trustee in her behalf, and to have the trust enforced accordingly, but that she was not required to do so.

APPEAL by the defendant, Joseph Nunn, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered

in the office of the clerk of the county of Monroe on the 19th day of April, 1894, upon the verdict of a jury, and also from an order entered in the said clerk's office on the 12th day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Patrick McIntyre,* for the appellant.

*John A. Bernhard,* for the respondent.

BRADLEY, J.:

The purpose of the action is to recover an amount of the alleged proceeds of the sale of certain real estate to which prior to the sale the parties had the title as tenants in common, and of which the plaintiff was the owner of an undivided third part. They united in a deed of conveyance to one Hirschfield of date June 5, 1889, for the consideration of $5,000. The deed so executed was then taken by the defendant for delivery to the grantee named in it when the transaction of the sale should be completed. He afterwards, on July 17, 1889, delivered the deed to such grantee, who executed and delivered to the defendant his bond with a mortgage on the premises payable to him alone to secure $4,000 of the purchase money in four years and interest semi-annually. The defendant paid to the plaintiff $1,250 on account of her interest in the proceeds of the sale.

As only $1,000 of the principal sum secured by the bond and mortgage had been paid, it is insisted by the defendant's counsel that the plaintiff was not entitled to recover. But the evidence on the part of the plaintiff is to the effect that credit was given to the purchaser, and the bond and mortgage for the purchase money taken by the defendant in his name without her knowledge or consent. This was a controverted question of fact at the trial, upon which the jury found with the plaintiff, and she recovered the amount of the residue of her portion of the purchase money.

This was permitted by the evidence. The parties had an interest in common in the proceeds of the sale, and the plaintiff was at liberty to treat the action of the defendant in taking the security in his name alone, without her consent, as the appropriation of it for his own benefit, and the defendant, therefore, as liable to her for

the share of the proceeds of the sale to which she was entitled. (*Coles* v. *Coles*, 15 Johns. 159.)

While it is true, as urged on the part of the defendant, that the taking of security for it was not the receipt of the purchase money, the appropriation to himself of the securities so taken by him without the consent of the plaintiff enabled her to charge him with the purchase money as effectually as if it had been actually paid to and received by him. The conclusion of fact as found by the jury, that the plaintiff neither consented to the taking by him of the securities nor in any manner ratified it, was warranted by the evidence. While she might have elected to treat the defendant to the extent of her interest in the purchase money and as holder of the bond and mortgage as trustee in her behalf and enforced the trust accordingly, she was not required to do so.

As represented by the plaintiff's evidence, the defendant never offered to transfer to her any interest in the bond and mortgage, nor ever advised her that he had taken them, nor did she learn that he had taken them until this action was commenced.

Therefore, inasmuch as the plaintiff had by the terms of the securities no apparent interest in them, the defendant is not in a situation to effectually assert as a defense that she in fact had any. Their terms import that they were taken for himself alone, and she elects to so treat them. And this in view of the facts found she is at liberty to do. (*Floyd* v. *Day*, 3 Mass. 403 ; *Beardsley* v. *Root*, 11 Johns. 464 ; *Chappell* v. *Dann*, 21 Barb. 17 ; *Allen* v. *Brown*, 51 id. 86, 92 ; 44 N. Y. 228.)

Although as between the defendant and the grantee the giving of the bond and mortgage is not payment of the consideration (8 Johns. 156) it is in the obligation of the latter so secured, and the defendant as against the plaintiff cannot effectually assert that the remedy is other than his alone upon those instruments to recover, collect and receive the purchase money.

In *Corlies* v. *Cumming* (6 Cow. 181) the question arose between a factor who had advanced money and his principal. The factor in such case is the nominal party dealing with goods consigned to him for sale on commission. He is not required to disclose the name of his principal. He may sue in his own name. He in that manner represents his principal in making contracts of sale within the power

conferred upon him. This is peculiar to that class of agency. (*Ladd* v. *Arkell*, 5 J. & S. 35; 8 id. 150.)

It is unnecessary to inquire whether a demand of the money was requisite, as no such question was raised at the trial.

There was no error in the refusal of the court to direct a verdict for the defendant or a verdict in his favor for the sum of $689.96, as requested. And whether the defendant was entitled to recover or have allowed to him any and if so what sum on account of rents of premises of which the father of the parties died seized, collected or received by the plaintiff, was a question of fact upon the evidence. No request was made for the submission of such question to the jury, nor was any exception specifically taken to the dismissal of it from their consideration. It is, therefore, deemed unnecessary, and under the circumstances of the case not desirable, to consider the question whether or not the court was correct in the view taken that the alleged counterclaim for such rent was necessarily subject-matter involved in the issues of another action pending between the parties for an accounting. (*Ormes* v. *Dauchy*, 82 N. Y. 443; *Kirtz* v. *Peck*, 113 id. 222.)

Sufficient appears to indicate that it is properly the subject of an action for that purpose. And the evidence does not clearly show a basis for recovery by the defendant of a specific sum for rents which came to the plaintiff's hands during the lifetime of the mother of the parties. The deed of conveyance was made by them shortly after her death. No other question requires consideration.

The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order of County Court of Monroe county appealed from affirmed.