MARY A. KNOPE, Respondent, *v.* JOSEPH NUNN, Appellant.

CO-TENANCY — SALE OF PROPERTY — SECURITY FOR PRICE TAKEN BY ONE TENANT — REMEDY OF CO-TENANT. Where two tenants in common sell the property, and one of them delivers their joint deed to the purchaser without receiving the purchase price, but takes a bond and mortgage therefor, payable to himself alone, without his former co-tenant's knowledge or consent, the latter may elect to treat the securities as belonging to the taker thereof and recover from him a share of the purchase price.

*Knope* v. *Nunn*, 81 Hun, 349, affirmed.

(Submitted December 24, 1896 ; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered November 20, 1894, which affirmed a judgment of the Monroe County Court in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Patrick McIntyre* for appellant. The court erred in denying defendant's motion for a nonsuit on the ground that defendant had not collected the money for the sale of the real estate. (*Beardsley* v. *Root*, 11 Johns. 464; *Cumming* v. *Hackley*, 8 Johns. 206 ; *Ralston* v. *Bell*, 2 Dall. 242 ; *Taylor* v. *Higgins*, 3 East, 169; *Lienan* v. *Lincoln*, 2 Duer, 670; *Longchamp* v. *Kenny*, 1 Doug. 137 ; *Mettovier* v. *Devisne*, 5 Burr. 2592 ; *Moses* v. *McFarlin*, 2 Burr. 1005 ; *N. T. Co.* v. *Gleason*, 77 N. Y. 400 ; *Wolff* v. *Flatow*, 27 N. Y. S. R. 177.) The court erred in dismissing the counterclaim of the defendant. (Code Civ. Pro. §§ 501, 1666 ; *Carpenter* v. *M. L. Ins. Co.*, 93 N. Y. 552; *Joslyn* v. *Joslyn*, 9 Hun, 388; *Brinckerhoff* v. *Wemple*, 1 Wend. 470.) The order denying the motion for a new trial was proper. (Code Civ. Pro. §§ 997, 998.)

*John A. Bernhard* for respondent. The defendant received the share of the plaintiff to which she was entitled on the sale of the real estate. The mortgage is made out in his own name, and by taking the mortgage on delivering the deed he wiped out any claim which the plaintiff had against the purchaser. It was not his intention that the plaintiff was to be a part owner of the mortgage. She had no knowledge of its existence and would not have been able to prove an interest in it. (*Roberts* v. *Ely,* 113 N. Y. 131; *Mills* v. *Mills,* 115 N. Y. 80; *Middleton* v. *Twombly,* 125 N. Y. 520; *Thatcher* v. *H. C. Assn.,* 126 N. Y. 511.) The defendant erroneously assumes that the purchase price had not been paid, but the jury have found against him on that point. (Thomas on Mort. § 286; *Jackson* v. *Austin,* 15 Johns. 477; *Pope* v. *Mead,* 99 N. Y. 201; *Boies* v. *Benham,* 127 N. Y. 624.) The defendant was not a trustee of the funds, but was bound to pay over without a demand. (*Roberts* v. *Ely,* 113 N. Y. 131; *Mills* v. *Mills,* 115 N. Y. 80; *Coles* v. *Coles,* 15 Johns. 159.)

MARTIN, J. In 1883 the father of the plaintiff and defendant died seized of certain real estate situated on Jay street in the city of Rochester, N. Y. Upon his death one-third of the premises descended to the plaintiff as his heir at law, one-third descended to the defendant, and the remaining one-third to their brother, Gregory Nunn. In 1885 the latter sold and conveyed to the defendant his one-third interest therein, so that on June 5th, 1889, the plaintiff and defendant were owners as tenants in common of the real estate mentioned, the plaintiff owning one-third and the defendant the remaining two-thirds. On that day they united in executing a deed of the premises to Marcus Hirschfield for the consideration of five thousand dollars. After its execution it was taken and retained by the defendant to be delivered to the purchaser upon payment of such consideration. The defendant delivered it July 17th, 1889, and the purchaser executed and delivered to him his bond and a mortgage upon the premises to secure the sum of four thousand dollars of the purchase price and interest

thereon, which, by their terms, was payable in four years with semi-annual interest. The remaining one thousand dollars had been previously paid. The bond and mortgage were taken by the defendant in his own name and were payable to him alone.

The purpose of this action was to recover of the defendant one-third of the purchase price of the premises, less the amount paid to the plaintiff thereon, the whole having been paid to the defendant either in cash or by executing and delivering to him the bond and mortgage mentioned.

The defendant, by his answer, in substance denied that he had received the consideration for which such premises were sold, alleged that he had paid the plaintiff more than her share of the amount actually received by him, and set up a counterclaim for money alleged to have been collected by the plaintiff as rent of the premises and retained by her to an amount in excess of her share or interest therein. The plaintiff, replying, denied her indebtedness for the rents mentioned, alleged that what she received was paid out under the direction of the defendant, and also pleaded the pendency of a former action between the parties in which the defendant's counterclaim was involved.

Practically the only question in this case, which relates to the plaintiff's affirmative right of action, is whether the defendant is liable to the plaintiff for her portion of the unpaid purchase price which was secured by the bond and mortgage to the defendant, although the money thus secured had not been actually received by him before the commencement of this action.

The record discloses evidence to the effect that the defendant gave credit to the purchaser and accepted in payment of four thousand dollars of the purchase money his bond and mortgage payable to the defendant alone without the plaintiff's knowledge or consent. That question was litigated upon the trial, but as there was a conflict in the evidence in regard to it and the jury found for the plaintiff, its determination must be treated as final. There was evidence that the

plaintiff had collected $927.45 for rents of the real estate
owned by the parties as tenants in common, but it also tended
to show that the amount thus collected had been paid out and
disposed of by the plaintiff under the directions of the
defendant.

At the close of the evidence, the defendant asked the court
to direct a verdict in his favor upon the grounds that the
plaintiff's claim was not due at the commencement of the
action, and it was shown conclusively that the defendant had
not collected the money for the sale of the real estate. He
then asked the court to direct a verdict for the defendant for
$698.96 as the amount of rents which the plaintiff had col-
lected over and above her share. Thereupon the court dis-
missed the defendant's counterclaim on the ground that it was
involved in a former action which was then pending between
the parties, and held that there were two questions for the
jury : 1. Whether the plaintiff authorized the defendant to
take a bond and mortgage, or make any extension of the time
of payment of any part of the purchase price; and, 2.
Whether, after she had ascertained that it had been done, she
received any money upon it or acted in pursuance of it in a
way to ratify the contract made by the defendant, and decided
that if she did not authorize him to take a bond and mortgage
in his own name, having done so without her consent, he was
liable for her part of the purchase price. To this ruling the
defendant's counsel excepted.

The defendant having taken the bond and mortgage, with-
out recognizing that the plaintiff had any interest therein, is
hardly in a situation to effectually assert as a defense that
she was interested in the debt thus secured, and, therefore,
cannot recover because it has not been actually received by
him. The securities taken clearly import that they belong
to the defendant alone, and the plaintiff elected to so treat
them, which we think she was justified in doing. (*Floyd* v.
*Day*, 3 Mass. 403 ; *Beardsley* v. *Root*, 11 Johns. 464 ; *Chap-
pell* v. *Dann*, 21 Barb. 17 ; *Allen* v. *Brown*, 51 Barb. 86, 92 ;
44 N. Y. 228.) Under the circumstances and the facts as

found by the jury, we think the plaintiff was at liberty to treat the action of the defendant, in delivering the deed to the purchaser without receiving the purchase price and taking a bond and mortgage for the remainder thereof in his own name without her consent, as an appropriation to his own benefit of the share of the proceeds to which she was entitled, and to hold him liable therefor. (*Coles* v. *Coles*, 15 Johns. 159; *Wright* v. *Wright*, 59 How. Pr. 177, 184.) When the defendant delivered the deed to the purchaser, and accepted his bond and mortgage payable to himself, the relation of the parties as tenants in common in the land was terminated. By thus taking security to himself alone he totally ignored the rights of the plaintiff, and appropriated to his own use that portion of the purchase money which belonged to her. The appropriation of her portion, without her consent or knowledge, was a wrong, and amounted to a conversion of her interest which entitled her to recover the amount or value thereof. (Freeman on Co-Tenancy, §§ 306, 307.)

Nor do we find any exception to the refusal of the court to direct a verdict for the defendant that would justify a reversal of the judgment. The record shows that the question whether the defendant was entitled to recover, or to have allowed to him the whole or any portion of his counterclaim, was, if construed most favorably to him, one of fact; and as no request was made for its submission to the jury, nor any specific exception taken to its dismissal, we deem it unnecessary to consider the question whether the court was correct in the view taken as to the alleged counterclaim, on the ground of the pendency of a former action between the parties, in which that claim was involved.

As the questions already considered are the only ones material to a determination of this case, it follows that the judgment and order should be affirmed.

All concur, except HAIGHT, J., not sitting.

Judgment and order affirmed.