SARAH A. FERRIS, Respondent, *v.* THOMAS NELSON, Appellant.

*Tenants in common — duty of one of them, who has assumed to sell the land and has received the proceeds thereof, to account to his cotenant — effect of his having previously, as executor, had a power of sale over it.*

A testator, by his will, devised seven-eighths of certain real estate to his executors and trustees in trust, among other things, to hold one-eighth for the benefit of his daughter, Sarah H. Ferris. The remaining eighth he devised to his son, Thomas Nelson, who was one of the executors and trustees. Subsequently the executors and trustees, being authorized to do so by the will, which also gave a power of sale to the executors and trustees, surrendered the trust held by them for the benefit of Sarah A. Ferris and conveyed to her a one undivided eighth part of the land in fee simple. Thereafter Thomas Nelson caused the lands to be sold, joining in the deeds as executor and in his individual capacity.

In an action brought by Sarah A. Ferris against Thomas Nelson individually to recover her share of the proceeds of the property,

*Held*, that the defendant's power as an executor over the plaintiff's interest in the property ended with the surrender of the trust and the conveyance to the plaintiff, and that from that time until the sale of the property he was a tenant in common with the plaintiff, and that the latter had a right to treat the sale as having been lawfully made and to hold the defendant individually liable for her share of the purchase money.

APPEAL by the defendant, Thomas Nelson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 23d day of November, 1899, upon the decision of the court rendered after a trial at the Westchester Trial Term, a jury having been waived.

*F. A. Ward,* for the appellant.

*D. S. Herrick,* for the respondent.

WOODWARD, J.:

The plaintiff in this action is a sister of the defendant, both being children of William Nelson, who died in 1869, leaving a will of which defendant, George P. Nelson and Uriah Hill, Jr., were the general executors and trustees. William Nelson, at the time of his death, was the owner of certain real estate in the State of Iowa, described in the complaint, which constituted a part of his residuary estate. One-eighth of this was devised to the defendant and seven-eighths to his executors and trustees in trust, one-eighth being in severalty for the benefit of his daughter Sarah H. Ferris, the plaintiff herein, with power of appointment to her. The executors and trustees were authorized and empowered to sell and dispose of the property in carrying out the purposes of the will, and to surrender the trusts created by it. In 1881 the executors and trustees applied to the Surrogate's Court of Westchester county for a judicial settlement of their accounts, as such, resulting in a decree of July 27, 1883, adjusting and settling their accounts and specifying the amounts still remaining in the hands of the executors to be invested for the benefit of the parties according to the provisions of the will and specifying for whose benefit the same was held. Subsequently, and on or about May 11, 1885, the executors surrendered the trust held by them for the benefit of the plaintiff, and granted and conveyed to her one undivided eighth part of the lands described in the complaint, in fee simple. It is plain that at this time the plaintiff and defendant became tenants in common in such lands, each of them holding the fee to one undivided eighth part. A further decree of the Surrogate's Court directed the executors and trustees, because of the surrender of the trusts, to pay to the plaintiff the capital of the trust estate theretofore held by them for her benefit, under the decree of July 27, 1883. This last decree of the Surrogate's Court bears date February 15, 1887. In the month of April, 1893, defendant caused a sale to be made of the lands described in the complaint, and no statement of the sale was made by defendant to plaintiff until August, 1898, when defendant rendered, in person, to plaintiff's attorney, an

account in which he acknowledged an indebtedness to the plaintiff of $1,453.09, offering his individual check for this and two other like amounts for plaintiff's sisters. Defendant at the same time presented a receipt drawn by himself, which showed that the payment was tendered by him in his individual capacity, but the receipt was not executed because plaintiff's attorney refused to accept the amount tendered, interest being reckoned at four per cent. Defendant subsequently rendered a statement in which he admitted having received $8,000 more than in the previous statement, which would make the plaintiff's share $2,181.80, and this sum is sought to be recovered in the present action. There is no controversy as to the amount, but the defendant urges that as the deeds conveying the property were made and executed by George P. Nelson and Thomas Nelson, as executors of the last will and testament of William Nelson, deceased; Thomas Nelson, as executor of the last will and testament of William Rufus Nelson, deceased, and Thomas Nelson and Caroline L., his wife, in their individual character, he cannot be called upon to answer personally for the moneys which came into his hands as such executor. But we are of opinion that the money did not come into his possession as executor of the will of his father. The plaintiff had a complete title to one-eighth of this property; she was a tenant in common with the defendant, and the mere fact that the grantees took title from him as executor does not change his relation to the money which he received, and which belonged to the plaintiff. The rule is well established that where one tenant in common receives all of the purchase money, or takes securities in his own name without the consent of the other tenant, he is liable to be treated as having appropriated it for his own benefit, and becomes liable to his cotenant for the share of the proceeds to which the latter is entitled. (*Knope* v. *Nunn*, 81 Hun, 349; S. C., 151 N. Y. 506, 510, and authorities there cited.) The plaintiff, under the provisions of the will of William Nelson, had come into the ownership of one eighth part of this property, and the defendant having disposed of the same, giving a deed acceptable to his grantees, the plaintiff had a right to elect to treat the sale as having been lawfully made, and to hold the defendant liable for her share of the purchase money. To attempt, at this late day, in view of the previous attitude of the defendant,

to say that he is accountable as an executor of the estate of William Nelson in dealing with the property of the plaintiff, is not to be seriously considered. All his powers as an executor, in so far as this plaintiff's rights are concerned in this action, ended with the surrender of the trust and the conveyance of a one-eighth interest in the lands described in the complaint on May 11, 1885. Since that time, and up to the date of the sales of the property in 1893, he was tenant in common with the plaintiff, and on the sale of the property, at the election of the plaintiff, he became liable to her for one-eighth of the purchase price, with which the Surrogate's Court has no possible concern.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.