ALBERT NEWCOMBE, Plaintiff, *v.* GEORGE N. OSTRANDER, Defendant.

(Supreme Court, Saratoga Trial Term, June, 1919.)

Money had and received — tenants in common — sales — title — parties — pleading.

Where plaintiff, defendant and one A. owned one-half a tract of timber equally as tenants in common, and in plaintiff's absence and without his knowledge or consent defendant and A. sold the timber and guaranteed the title, and defendant received plaintiff's share of the money as well as his own on the understanding with A. that he should hold it as plaintiff's attorney and not pay it over until plaintiff had repaid A. certain moneys which A. claimed were due him on account of the upkeep of the property, the relation between the parties and A. as to the timber was destroyed upon defendant's deposit of the moneys in his account and defendant thereupon became liable to plaintiff, after he had ratified the sale, as for moneys had and received.

An action for moneys had and received is one at law and plaintiff cannot be compelled to bring A. in as a party defendant. Had defendant desired him to be a party he should have paid plaintiff's money into court and obtained an order substituting A. in his place as defendant.

Although the complaint in such action alleged that defendant sold the timber as plaintiff's agent and received the money for and on account of plaintiff, but the evidence showed otherwise, still the variance is not such as to require a dismissal where defendant did in fact receive the money and plaintiff became entitled thereto on ratifying the sale.

ACTION to recover a sum of money.

Pressinger & Newcombe and Nash Rockwood, for plaintiff.

Edward M. Angell, for defendant.

WHITMYER, J. Plaintiff has brought this action against defendant to recover the sum of $1,403.38, with interest from June 25, 1914, which he claims as his share of the proceeds of the sale of certain timber upon what is known as the Moose Pond Tract, Essex county, N. Y. Prior to 1906, George R. Finch of Glens Falls, N. Y., and John Anderson, Jr., of Newcomb, Essex county, N. Y., owned the tract equally as tenants in common. Finch died in January, 1906, and left a will, by which he gave his share to plaintiff, defendant and Anderson, equally, to each an undivided one-third. Thus plaintiff and defendant each became the owner of one-sixth and Anderson of two-thirds. On June 23, 1914, while the property was thus owned and while plaintiff was in Europe and without his knowledge or consent, defendant and Anderson sold the timber in question and guaranteed the title thereof to the Kenyon Lumber Company by a contract of sale, signed and acknowledged by them and their respective wives

and by the company, for the sum of $15,000, subject to adjustment of measurement. On the same day the company gave them its check for the amount and they indorsed it in blank. Defendant then deposited it to his own credit, gave Anderson his check for the sum of $10,000 and retained the balance. Both testified that Anderson indorsed the company's check upon the condition and with the understanding that the portion to which plaintiff would be entitled, if he ratified the sale, was to be left with defendant, who is an attorney, as Anderson's attorney, and was not to be paid to plaintiff until he paid Anderson the sum of $1,196.03, claimed as his share of the expense of the upkeep of the property. Anderson managed the property while he and plaintiff and defendant owned it, and was accustomed to render bills to the others from time to time for the upkeep. Plaintiff paid his share down to April 30, 1909. After that, he applied his share, whenever bills were rendered, upon an alleged claim against Anderson for moneys advanced for him in some litigation which he says that they were conducting against the Finch estate. And he says that he did so with Anderson's knowledge and consent. Anderson has not sued on his claim and plaintiff claims that it is barred by statute, except as to the sum of $258.37. On the other hand, Anderson says that the statute has not been pleaded and that it is not available anyway and he denies that he had any part in the Finch litigation. Plaintiff returned from Europe in October, 1914. He refused to ratify the sale. After some negotiations he said that he would ratify if defendant procured a purchaser of his entire interest for the sum of $5,000. Defendant tried and did not succeed, but procured one for the fee for the sum of $2,500, subject to the contract. Thereupon, plaintiff assented. He delivered his deed and received the purchase price on June 7,

1915, but defendant did not pay him what was coming to him under the contract. Instead, he gave him a letter to the effect that his share of the cutting for 1914–1915 was the sum of $1,685.11 according to measurements, but that there was some dispute about the same and that he should deduct one-sixth of the amount in controversy from said sum, if it should not be decided in a week or ten days, and remit the balance on or before June 17, 1915. The letter stated further that Anderson had two-thirds of the purchase price of the timber, he himself one-third, and that he was holding one-sixth of such an amount as should ultimately become due in trust for plaintiff. He testified that he told plaintiff about the Anderson claim on that occasion after the transfer and that he did not tell him about it before that time because he desired first to secure a ratification of the sale. Plaintiff denied that he told him about it at that time. On June 16, 1915, defendant sent plaintiff a check for the sum of $1,000. On September 24, 1915, he wrote to him about the claim and plaintiff testified that nothing was said to him about it before that time. Defendant says that he has no personal interest in the money and claims that he is holding it solely because of his arrangement with Anderson. And, he claims, in effect, that the cause of action alleged has not been proved and that Anderson is a necessary party and may in this action assert his claim to plaintiff's money in defendant's hands. When defendant and Anderson sold the timber in question and received the check therefor and when the check was deposited in defendant's account in the bank, the relation between the parties and Anderson as to the said timber was destroyed and defendant became liable to plaintiff in an action for money had and received. 38 Cyc. 82; *Coles* v. *Coles,* 15 Johns. 159, 160; *Knope* v. *Nunn,* 151

N. Y. 506, 510; *Cosgriff* v. *Dewey,* 164 id. 1, 4. This is such an action. It is one at law for the recovery of money only and plaintiff could not have been compelled to bring Anderson in. *Chapman* v. *Forbes,* 123 N. Y. 532; *Bauer* v. *Dewey,* 166 id. 402; *Brooklyn Cooperage Co.* v. *Sherman Lumber Co.,* 220 id. 642. Defendant received the money and still holds it. Anderson did not receive it and he is not a necessary party. Knowing about Anderson's claim, if he desired to have him in, defendant should have applied to the court for an order to substitute him in his place and for his own discharge from liability on his paying the money into court. Code Civ. Pro. § 820. Accordingly, Anderson's claim cannot be asserted here. While the complaint alleges that defendant sold " as plaintiff's agent " and that he received the sum of $2,500 " for and on account of plaintiff " and the evidence shows otherwise, yet the variance is not such as to require a dismissal, since it is the fact that defendant did receive the amount in question and that plaintiff certainly became entitled to it upon ratifying the sale. The sum of $96.62 is plaintiff's share of the rebate to the company, and plaintiff is indebted to defendant in the sum of $73.15 for expenses paid in connection with the sale of his interest in the fee, so that he is entitled to judgment for the sum of $1,330.23, with interest from June 23, 1914.

Judgment accordingly.