BECKWITH *against* THE UNION BANK OF NEW-YORK.

Where an insolvent firm, having money on deposit in bank, made a general assignment for the benefit of creditors; soon after which, but before notice of the assignment to the bank, a bill against the firm held by the bank, greater in amount than the sum on deposit, fell due, and was charged by the bank in the account of the firm, it was *Held* that the assignee, after demand of the sum on deposit, was entitled to recover it of the bank.

That the assignee's right to the money was complete without giving notice of the assignment, and that the bank could not, as against him, apply the deposit in payment of the bill.

That § 112 of the Code does not change the former rule in this respect, as to the substantial rights of the parties.

ON the 24th of August, 1850, the firm of W. C. & A. A. Hunter, having become insolvent, made a general assignment of their property to the plaintiff, as trustee, for the benefit of their creditors. This action was brought by the assignee to recover the sum of $3600, which at the date of assignment was on deposit in the Union Bank to the credit of the insolvent firm. It appeared upon the trial before a referee that the bank was at the date referred to, the holder of a bill of exchange for $3914, drawn at Buffalo, June 22, 1850, by one of the firm of Suydam, Sage & Co., and accepted by that firm. This bill had been discounted by the bank for the Hunters, and bore their endorsement. On

the twenty-seventh of August the bill matured, and was protested for nonpayment; and the amount was charged by the bank against the endorsers in their account. On the following day the plaintiff gave notice to the bank of the assignment, and demanded payment of the sum on deposit. The referee reported in favor of the plaintiff for the whole amount claimed. The judgment entered upon the report was affirmed by the superior court at general term (4 *Sandf. S. C. R.*, 604), and the defendants appealed to this court. The cause was submitted here on printed points.

*H. E. Davies* for the appellants.

*A. C. Bradley* for the respondent.

Johnson, J., delivered the opinion of the court.

Section 112 of the Code of 1849, was, we think, not intended to change the substantial rights of the parties, but only to introduce such alterations in the mode of protecting them as were rendered necessary by the provisions of §§ 111 and 113, which require in most cases the real party in interest to be the plaintiff. The first branch of the section will have its full and appropriate meaning if we regard it as providing that " in the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defence existing at the time of or before notice of the assignment," which would have been available to the defendant had the action been brought in the name of the assignor. In other words the provision is that the substantial rights of the defendant shall not be affected by the substitution of the assignee as plaintiff in place of the assignor. There is no pretence to hold that in an action in the name of the Hunters before the Code the demand of the bank could have been setoff.

Nor had the bank any lien upon the deposits of the Hunters; which would have prevented their drawing out

the whole balance of cash to their credit on the twenty-fourth of August. This right passed to the plaintiff by the assignment; no notice was necessary to perfect that right in the assignee, except only that in default of notice, the bank might have so dealt as by its subsequent acts to have affected his rights. There is no evidence of any such dealing in this case. The judgment below was beyond all question correct.

MORSE, J., was not present.

All the other judges concurred.

Judgment affirmed.