## KILLMORE vs. CULVER.

Where T., the holder of a note made by C., which he did not wish to sue in his own name, at the suggestion of his counsel, delivered the same to K., taking from the latter his own note for the amount, payable at a future day ; upon an understanding that K. should prosecute the note of C., and that if he should not succeed in the collection thereof he was not to pay the note given by him to T., but that such note was then to be returned to him ; *Held* that K. could not maintain an action upon the note of C.; he not being the *real party* in *interest*, within sec. 111 of the code.

APPEAL by the defendant from a judgment entered at a special term, upon the report of a referee. The action was upon a promissory note for the sum of $105 and interest, made by the defendant on the 28th of April, 1848, payable to Job D. Tanner or bearer, on demand. The referee reported in favor of the plaintiff for the amount of the note, with interest.

*P. Bonesteel,* for the appellant.

*J. F. Barnard,* for the respondent.

*By the Court,* S. B. STRONG, P. J. This is an action upon a promissory note payable to one Tanner or bearer. The plaintiff alleges in his complaint that he is the lawful holder and owner of the note. The defendant denies that the plaintiff is such lawful holder and owner of the note, and avers that the title and ownership is still in Tanner, and that the note was transferred to the plaintiff conditionally, without consideration, and for the purpose of prosecution. The plaintiff replies that he took the note unconditionally, and for value received, and that he is the lawful owner of it, and of the moneys due and to grow due thereon. It appears from the evidence that Tanner held the note until it was near being outlawed, when, not wishing to sue it in his own name, he, at the suggestion of his counsel, delivered it to the plaintiff, who gave his own note to Tanner for the amount due, payable at a future day. The understanding between them was that the plaintiff should prosecute the defendant's note, and that if he should not succeed in the collection thereof, he

The People *v.* Stryker.

was not to pay the note given by him to Tanner, or any thing for it, but that such note was then to be returned. The question is whether, under these circumstances, the plaintiff can sustain this suit. The code provides (§ 111) that every action must be prosecuted in the name of the *real party* in *interest*, with some exceptions not at all applicable to this case. Is, then, this plaintiff the real party in interest? It seems to me from the evidence given by himself and Tanner, from which I have made the preceding statement, that he is not. He is not at all interested in the event of the suit, for, should he recover, the money must go to Tanner, and should he fail the loss would not be his, but would fall upon Tanner. The engagement of Tanner is not by way of guaranty that the plaintiff should recover the amount of the note; because then the recovery, if had, would be for the plaintiff's benefit, but the money was to be recovered or lost simply for, or by, Tanner. The evidence shows that the note was delivered to the plaintiff, and the suit was instituted by him, because, as Tanner declared to his counsel, he did not want to sue the note in his own name. Tanner took the summons from his own lawyer and handed it to the deputy sheriff, served the notice of trial upon the defendant's attorney, and two subsequent notices of hearing before the referee, served a subpœna upon one witness, and himself attended as a witness at the circuit court. Although Tanner and the plaintiff were both examined as witnesses, neither of them testified that the plaintiff had personally taken any part in the previous proceedings in the suit. Under all these circumstances it appears to me that Tanner, and Tanner alone, is the real party in interest, and that therefore this suit cannot be maintained in the name of the plaintiff.

The judgment should be reversed, and there should be a new trial at the circuit court; costs to abide the event of the suit.

[ORANGE GENERAL TERM, July 14, 1857. *S. B. Strong, Birdseye* and *Emott,* Justices.]