## WILLIAM WILLIAMS
### *v.*
## WILLIAM O. BROWN.

Under the Revised Statutes, a claim existing against the assignor, in favor of the maker, of a promissory note, assigned before it became due, cannot be set off against the note in the hands of the assignee, and this, although he had notice of the offset before the transfer, such notice not being notice of any existing legal defense.

Section 112 of the Code of Procedure, which provides, in case of an assignment of a thing in action, that the action by the assignee shall be without prejudice to any set-off or other defense existing at the time, or before notice, of the assignment, does not apply, for by the second clause of that section, negotiable promissory notes and bills of exchange transferred in good faith, and upon good consideration, before due, are expressly excepted.

If the holder of a promissory note is legally in possession of it, and entitled to receive payment of it, he is the proper plaintiff in its prosecution. *Hunt* v. *O'Connor and others*, not reported; *Rose* v. *Black*, not reported.

### *Appeal from General Term.*

HUNT, J. This is an appeal from the judgment of the General Term of the eighth district affirming a judgment entered on the report of a referee in favor of the plaintiff.

The action was brought to recover the amount of a promissory note, dated June 20, 1851, for $584.75, payable to the order of the Merchants' Mutual Insurance Company. at White's Bank, six months after date.

The company was organized under the general insurance law in February, 1850.

The defendant was president of the company until 15th October, 1851.

On the 20th June, 1851, the defendant effected insurance with the company for marine risks upon the cash or stock plan, the premium of which amounted to $548.75, for which in lieu of money the defendant gave the note in question.

On the 8th September, 1858, the company were embarrassed, and its directors, in hope and expectation of carrying the company through its embarrassments and preventing

insolvency, made an arrangement with some of the members of the company to discount its drafts, to be drawn upon its agent in New York on time, to amount in the aggregate of $15,000, upon being secured, and by resolution duly entered in the minutes authorized the secretary to assign to the plaintiff securities to the amount of $15,000, in trust as collateral security for the payment of such drafts, and pursuant thereto the drafts were made, discounted, and the securities assigned, among which was the note in question. The drafts were dishonored at maturity.

On the 8th September, 1851, the company were and still are indebted to the defendant in a larger sum than the amount of the note, and before the note was indorsed by the secretary, the defendant informed the plaintiff of the indebtedness to him, and claiming that the same should be charged up to him on the books of the company.

That the defendant's note is a valid claim against him, and that he is bound to pay it, is not disputed by him. His defense in the action arises upon a claim made by him against the insurance company, which he insists should be applied in satisfaction of the note in suit.

The right of set-off in this State is statutory. If the defendant's claim comes within the terms of the statute, he will succeed, and if it does not, he must fail. 2 R. S., 354, § 18.

The defendant's claim to a set-off meets the demand of the first six subdivisions of the section referred to. It is a demand arising upon contract, and is due to the defendant in his own right, and is for money paid or services rendered; it existed at the commencement of the suit, then belonging to the defendant, and the plaintiff's action is one to which in its nature a set-off is applicable. The seventh subdivision, however, requires that the demand purposed to be set off, must exist against the plaintiff in the action, unless the suit be brought in the name of a plaintiff who has no real interest in the contract upon

which the suit is founded.   In this respect the defendant fails to bring himself within the terms of the statute, his demand being against the insurance company, and not against the plaintiff, and the plaintiff having a substantial interest in the contract, and having the right to prosecute it in his own name.   If the holder of a promissory note is legally in its possession, and is entitled to receive its payment, we have repeatedly held that he is the proper plaintiff in its prosecution, and this without reference to who may ultimately be entitled to a participation in its proceeds. *Hunt* v. *O'Connor and others*, not reported; *Rose* v. *Black*, not reported. ·

The ninth section of the act in question provides that if the action be upon a negotiable promissory note, which has been assigned to the plaintiff after it becomes due, a set-off shall then be allowed, of a demand against the person assigning the same to the amount of the note.   The action here was upon a negotiable promissory note, but it was assigned to the plaintiff before it became due, and the statute gives no right of set-off in such case.   There is no other provision of the Revised Statutes under which it can be claimed that a right of set-off exists.

The defendant, however, invokes the aid of section 112 of the Code, and insists that he is entitled to the set-off by virtue of the last clause of that section.   The previous section, 111, made an alteration in the manner of bringing suits, of great importance, by providing that " every action must be prosecuted in the name of the real party in interest."   Before this enactment, the assignee of a bond or of any contract, except that of a bill of exchange or a promissory note, brought his action for its breach, not in his own name but in that of the original contracting party.   To do justice in such cases in regard to resisting cross-demands, the legislature had provided, in the act regulating set-offs before quoted, and in section 10 thereof, that if the suit should be in the name of a plaintiff who had no real interest in the contract upon which the suit

was founded, a demand existing against those for whose benefit the action was brought, might be set off, if the same might have been set off in an action brought by those beneficially interested.

When the Code enacted that every suit should be brought in the name of the party in interest, it became necessary to make a new provision to the effect that such transfer and such suit should not prejudice a set-off existing against the party assigning and before the assignment was made. It was to meet this precise contingency that section 112 was enacted; and, accordingly, in *Beckwith* v. *The Union Bank of New York*, 5 Seld., 211, it was held by this court the first clause of the section meant that the assignment was to be without prejudice to any set-off which would have been available to the defendant had the action been brought in the name of the assignor. This construction was undoubtedly a sound one.

The second clause of the same section 112, contains this addition: " but this section shall not apply to a negotiable promissory note, or bill of exchange transferred in good faith and upon good consideration before due." This clause is restrictive, limiting the cases in which the right of set-off may exist, and conferring no authority in additional cases. It does not itself provide for a set-off in any case, but qualifies certain cases in which a set-off might be claimed under the first branch of the section.

The defendant must find his right to set off his claim in a positive provision of the law, and not in a qualifying or restrictive clause.

I do not deem it important to decide whether the plaintiff received the note in suit by virtue of the assignment set forth in the case, together with the indorsement of the company's president upon the note, or whether he received it by the transfer of the president, simply, with the like indorsement. It was equally an assignment in either

case, of a promissory note not then due, by authority of the party owning, and with unlimited negotiability, and in either case gave the same rights to the holder thereof. The Revised Statutes on the subject of set-off, and the Code in the section quoted, use the word assignment, as equivalent to transfer or negotiation, and no argument can fairly be drawn from the use of this particular word in section 112 of the Code.

The judgment should be affirmed.

PECKHAM, J. There is only one question in this case, and that is, whether the Code has altered the Revised Statutes as to a set-off under the facts here presented.

The note in suit was transferred to the plaintiff before due for a valuable consideration, but with notice that the defendant had a set-off against it. In each case the defendant could not avail himself of the set-off under the provisions of the Revised Statutes. 2 R. S., 354, § 18.

The Code provides, § 112 : " In the case of an infringement of a thing in action, the action by the assignee shall be without prejudice to any set-off, or other defense existing at the time of or before notice of the assignment. But this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due."

This section, it will be perceived, does not assume to declare what shall establish a transfer " in good faith."

A holder in good faith ordinarily means one who holds the note before due, for value advanced at the time of the transfer and without notice of any defense.

The notice in the case at bar under the law as it stood when the Code was enacted, was of a fact which constituted no defense to the note. How could the notice of such a fact affect the good faith of the transfer ?

If the legislature had intended to alter the law in this respect and make that a defense which before was none, I

think we are bound to presume, they would have used less equivocal language. See also *Beckwith* v. *The Union Bank,* 5 Seld., 211.

The judgment should be affirmed.

All concur.

Judgment affirmed.