## WILLIAMS v. BROWN

June, 1866.

The code of procedure has not altered the rule of 2 *R. S.* 354, § 18, subdivisions 7, 9, that a claim existing against the assignor, and in favor of the maker of a promissory note, which was assigned for value before it became due, although with notice of the offset, can not be set off against the note in the hands of the assignee.

William Williams sued William O. Brown, in the supreme court, on a promissory note dated June 20, 1851, for five hundred and eighty-four dollars and seventy-five cents, payable six months after date, to the order of the Merchants' Mutual Insurance Company, a corporation under the general act. Defendant being then president of the company, effected insurance with the company for marine risks, upon the cash or stock plan, and the note in suit he gave to the company for the premium thereon. On September 8, 1851, the company became indebted to the president in a sum in excess of the note, and being embarrassed by other debts, the directors made an arrangement with the plaintiff and others to discount drafts to be drawn by it, and authorized their secretary to assign to plaintiff securities as collateral for the payment of such drafts; and among securities thus assigned, and on the faith of which the drafts were made and discounted, was this premium note, which had not then matured. Before the note was indorsed by the secretary and delivered to plaintiff, defendant informed the plaintiff that the company were indebted to him, and claimed that the note ought to be charged to him on the books of the company.

*The supreme court* overruled the defense of set-off, and defendant appealed to this court.

HUNT, J. [after stating the facts.]—That the defendant's note is a valid claim against him, and that he is bound to pay it, is not disputed by him. His defense in this action arises upon a claim made by him against the insurance company,

Williams v. Brown.

which he insists should be applied in satisfaction of the note in suit.

The right of set-off in this state is statutory. If the defendant's claim comes within the terms of the statute, he will succeed, and if it does not, he must fail. 2 *R. S.* 354, § 18.

The defendant's claim to a set-off meets the demand of the first six subdivisions of the section referred to. It is a demand arising upon contract, and is due to the defendant in his own right, and is for money paid or services rendered; it existed at the commencement of the suit then belonging to the defendant, and the plaintiff's action is one to which in its nature a set-off is applicable. Subdivision 7, however, requires that the demand proposed to be set off, must exist against the plaintiff in the action, unless the suit be brought in the name of a plaintiff who has no real interest in the contract upon which the suit is founded. In this respect the defendant fails to bring himself within the terms of the statute, his demand being against the insurance company, and not against the plaintiff, and the plaintiff having a substantial interest in the contract, and having the right to prosecute it in his own name. If the holder of the promissory note is legally in its possession, and is entitled to receive its payment, we have repeatedly held that he is the proper plaintiff in its prosecution, and this without reference to who may ultimately be entitled to a participation in its proceeds.[*] Hunt *v.* O'Connor and others, not reported; Rose *v.* Black, not reported.

Section 9 of the act in question provides that if the action be upon a negotiable promissory note, which has been assigned to the plaintiff after it becomes due, a set-off shall then be allowed, of a demand against the person assigning the same to the amount of the note. The action here was upon a negotiable promissory note, but it was assigned to the plaintiff before it became due, and the statute gives no right of set-off in such case. There is no other provision of the Revised Statutes, under which it can be claimed that a right of set-off exists.

[*] See Fish *v.* Jacobsohn, vol. 2, p. 132, of this series; Allen *v.* Brown, 44 *N. Y.* 228, affirming 51 *Barb.* 86.

The defendant, however, invokes the aid of section 112 of the Code, and insists that he is entitled to the set-off by virtue of the last clause of that section. The previous section, 111, made an alteration in the manner of bringing suits, of great importance, by providing that "every action must be prosecuted in the name of the real party in interest." Before this enactment, the assignee of a bond or of any contract, except that of a bill of exchange or a promissory note, brought his action for its breach, not in his own name but in that of the original contracting party. To do justice in such cases in regard to resisting cross-demands, the legislature had provided, in the act regulating set-offs before quoted, and in section 10 thereof, that if the suit should be in the name of a plaintiff who had no real interest in the contract upon which the suit was founded, a demand existing against those for whose benefit the action was brought, might be set off, if the same might have been set off in an action brought by those beneficially interested.

When the Code enacted that every suit should be brought in the name of the party in interest, it became necessary to make a new provision to the effect that such transfer and such suit should not prejudice a set-off existing against the party assigning and before the assignment was made. It was to meet this precise contingency that section 112 was enacted; and accordingly, in Beckwith *v.* Union Bank, 9 *N. Y.* 211, it was held by this court, the first clause of the section meant that the assignment was to be without prejudice to any set-off which would have been available to the defendant had the action been brought to the name of the assignor. This construction was undoubtedly a sound one.

The second clause of the same section, 112, contains this addition : "But this section shall not apply to a negotiable promissory note, or bill of exchange, transferred in good faith and upon good consideration before due." This clause is restrictive, limiting the cases in which the right of set-off may exist, and conferring no authority in additional cases. It does not itself provide for a set-off in any case, but qualifies certain cases in which a set-off might be claimed under the first branch of the section.

IV.—39

The defendant must find his right to set off his claim in a positive provision of the law, and not in a qualifying or restrictive clause.

I do not deem it important to decide whether the plaintiff received the note in suit by virtue of the assignment set forth in the case, together with the indorsement of the company's president upon the note, or whether he received it by the transfer of the president, simply, with the like indorsement. It was equally an assignment in either case, of a promissory note not then due, by the authority of the party owning, and with unlimited negotiability, and in either case gave the same rights to the holder thereof. The Revised Statutes, on the subject of set-off, and the Code, in the section quoted, used the word assignment, as equivalent to transfer or negotiation, and no argument can fairly be drawn from the use of this particular word in section 112 of the Code.

The judgment should be affirmed.

PECKHAM, J.—There is only one question in this case, and that is, whether the Code has altered the Revised Statutes as to a set-off under the facts here presented.

The note in suit was transferred to the plaintiff before due for a valuable consideration, but with notice that the defendant had a set-off against it. In each case the defendant could not avail himself of the set-off under the provisions of the Revised Statutes. 2 R. S. 354, § 18.

The Code provides, section 112 : "In the case of an infringement of a thing in action, the action by the assignee shall be without prejudice to any set-off, or other defense existing at the time of or before notice of the assignment. But this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith and upon good consideration before due."

This section, it will be perceived, does not assume to declare what shall establish a transfer "in good faith."

A holder in good faith ordinarily means one who holds the note before due, for value advanced at the time of the transfer and without notice of any defense.

The notice in the case at bar under the law as it stood when

the Code was enacted, was of a fact which constituted no de-fense to the note. How could the notice of such a fact affect the good faith of the transfer ?

If the legislature had intended to alter the law in this re-spect and make that a defense which before was none, I think we are bound to presume they would have used less equivocal language. See also, Beckwith v. The Union Bank, 9 N. Y. 211.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.