Judgment reversed and new trial ordered, costs to abide the event.

WILLIAM W. ALLEN, Respondent, *v.* THOMAS BROWN, Appellant.

An assignee of choses in action, holding the legal title by written assignment, valid upon its face, is " the real party in interest," under section 111 of the Code of Procedure, although others may have an ultimate beneficial interest in the proceeds, and even if he would be liable as their debtor, under his contract with them, for the amount realized.

Where an agent, having authority only " to settle or arrange " certain claims, receives notes in settlement thereof, and, without the consent or knowledge of his principals, sells them for less than their face, he is responsible for the full nominal amount thereof, on proof that they were good and collectible, as for money had and received to the use of his principals; and an assignment of " the notes or the avails thereof" is sufficient to transfer the cause of action.

The fact that the agent and his principals were joint owners of the original claim, and he has incurred expenses in effecting the settlement, does not entitle him to an accounting before action, as no partnership relation exists between them. His claim for the expenses is simply available as an off-set against their proportion of the avails.

(Argued September 29; decided December 29, 1870.)

APPEAL from an order of the Supreme Court at General Term, in the seventh district, affirming a judgment in favor of the plaintiff, entered upon the report of a referee.

In the spring of 1858, Constant Cook, Jotham Clark, Trumbull Carey and the defendant owned certain claims against the Madison and Indianapolis Railroad Company. The defendant was about to go west that spring to settle his own share of the claim, and applied to Cook, Carey and Clark to take charge of the settlement of their interests in the same matter, and received from each of them power to do so. Each of the parties was to pay one-fourth of the expenses. The defendant went west, made a settlement with the railroad company, and received in full for the claims thirty-six income bonds of $1,000 each, made by the company; also three notes, made by the company, dated October 1, 1859, one for $491.61, payable eighteen months after date, one for $1,404.60, payable two years after date, and the other for $1,404.60, payable three years after date, and all payable at the office of Winslow, Lanier & Co., in New York. The notes were good security, as found by the referee, and were all paid at maturity. After the notes were paid the parties interested in them applied to the defendant for their several shares of the avails, and he denied that he had received anything on the notes, alleging they were worthless. They then severally asked the defendant to give up the bonds he had received from them. This he refused to do unless they would first pay a claim he made for his services and expenses. Defendant did afterward surrender to each of the parties one-fourth of the bonds he received on the settlement, less the coupons, which he had detached for collection. On the 13th May, 1863, Cook, Carey and Clark assigned all their interest in the demand to the plaintiff, and this action was commenced on 8th June, 1863. The only controversy in the case is as to the notes or the avails of them. On the trial the defendant claimed that he had sold the notes referred to for less than the face of them. The referee reported in favor of plaintiff for $2,006.64, on which judgment was entered with costs.

The defendant appealed to the General Term of the seventh district, where the judgment was affirmed, and he appeals to this court.

The complaint set forth the defendant's agency and the receipt of bonds and notes by him, as above, and alleged, among other things, that he had collected and received the whole amount of the notes, with interest, and refused to pay over or account to the assignors of the plaintiff for the same. It contained several other counts as for money had and received. No consideration was in fact paid by the plaintiff upon the assignment to him. The case below is reported in 51 Barb., at page 86.

*John C. Strong,* for the appellant, as to the validity of the assignment, cited *Spring* v. *Baker* (1 Hilt., 526); *McBride* v. *The Farmers' Bank of Salem* (26 N. Y., 450); *Battle* v. *Coit* (26 N. Y., 404). That an accounting must be had before suit, he cited 14 John., 318; 2 Cai., 293. That there was no liability for moneys not actually received by defendant, he cited *Drummond* v. *Wood* (2 Cai., 310); *Liotard* v. *Graves* (3 Cai., 226); Jones on Bailm., 75; 2 Lord Raym, 918; *Bell* v. *Palmer* (6 Cow., 128).

*D. Rumsey,* for the respondent, that the assignment was sufficient, cited *Clark* v. *Downing* (1 E. D. Smith, 406); *Richardson* v. *Mead* (27 Barb., 178); *Merrick* v. *Brainard* (38 Barb., 575–9). That the defendant was chargeable with the whole amount of the notes, he cited *Denton* v. *Livingston* (9 John., 96); *Floyd* v. *Day* (3 Mass., 403); *Beardsley* v. *Root* (11 John., 464); Story on Agency, §§ 217–18, 192. That the complaint was sufficient, he cited *Denton* v. *Livingston, Beardsley* v. *Root,* and *Floyd* v. *Day, supra; Ainslee* v. *Wilson* (7 Cow., 662); *Jackson* v. *Baker* (6 Cow., 183, note); *Howe* v. *R. R. Co.* (37 N. Y., 297), and cases there cited.

HUNT, C., The appellant insists that the assignment from Cook, Clark and Carey to the plaintiff, conveyed no title upon

which this suit could be brought. This point is based upon the evidence given by Mr. Cook, when he testifies " Allen paid me nothing, and I agreed with him that I would take care of the case, and if he got beat it should not trouble or cost him anything."

I am of the opinion, that the assignment is sufficient to sustain this action.

The Code abolishes the distinction between actions at law and suits in equity, and between the forms of such actions. (Section 69.) It is also provided, in section 111, that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 113. The latter section provides that an executor, administrator, trustee of an express trust, may sue in his own name. These provisions are intended to abolish the common-law rule, which prohibited an action at law otherwise than in the name of the original obligee or covenantee, although he had transferred all his interest in the bond or covenant to another. It accomplishes fully that object, although others than the assignee may have an ultimate beneficial interest in the recovery. In a case like the present, the whole title passes to the assignee, and he is legally the real party in interest, although others may have a claim upon him for a portion of the proceeds. The specific claim, and all of it belongs to him. Even if he be liable to another as a debtor upon his contract for the collection he may thus make, it does not alter the case. The title to the specific claim is his. (*Durgin* v. *Ireland*, 4 Kernan, 322 ; *Williams* v. *Brown*, 2 Keyes, 486, and case cited ; *Paddon* v. *Williams*, 1 Robt. R., 340 ; S. C., 2 Ab. R., N. S., 88.)

It appeared upon the trial that the defendant was employed by Cook, Clark & Cary to settle and arrange their claim, with his own, against a western railroad company. He did arrange all the claims, taking certain coupon bonds, which have been delivered to the claimants, and taking also three promissory notes. One of these notes, for $1,404, was sold by the defendant, before its maturity, for $500. The referee finds that this note was good, that it would have been paid at

its maturity, and that the defendant is responsible, as if he had collected its full amount. He gave judgment for the amount in the present suit. The defendant objects to this recovery, on the ground: 1. That the transfer to the plaintiff does not embrace it; and, 2. That the complaint is not sufficient to justify its recovery.

The authority of the defendant was " to collect, settle or arrange their claims " against the railroad company. This was full authority for arranging the claim in the defendant's discretion. It justified him in taking notes on time for a portion of the amount. When he received the notes, they, as well as the coupon bonds, were the property of the principals, to three-fourths of their amount, the defendant being himself the owner of the one-fourth. The defendant was not an agent to dispose of what he received in settlement. His authority was simply to settle the claim. The securities, when taken, as to three-fourths thereof, belonged to Clark, Cook & Cary, fully, exclusively and free from any agency of the defendant. It is, therefore, the case simply of one having in his hands a collectible promissory note made by A, which is the property of B, and which the holder, without the authority of B, sells for less than its face. It is quite clear that this seller is liable to B for the full amount of the note. (Story on Agency, §§ 192, 217, 221; Par. Mer. Law, 148, 151.)

Or if taken by the purchaser, with knowledge of the facts, the specific property may be reclaimed from him. (Story on Agency, §§ 224, 226, 228, 229.)

As between the principal and agent, the alleged sale is entirely void. It is as if it had never been attempted. He may be deemed to hold the property still in his hands, and be made chargeable with its value. The owner may recover from the agent, in such case, the specific goods, by an appropriate action. If the property be stock or merchandise, which has advanced in value, he may recover from the agent its enhanced value. (Par. M. Law, *141, 148, *144; Story on Agency, § 221, and cases cited; *Allen* v. *Suydam*, 20 Wend., 321.)

As between the principal and the agent, the latter may be deemed still to have the notes in his possession. They may in theory of law be specifically reclaimed, or the principals may recover their value in an action for money had and received. (*Beardsly* v. *Root*, 11 John. R., 464; *Ainslie* v. *Wilson*, 7 Cowen, 662; *Denton* v. *Livingston*, 9 John. R., 96.)

The transfer, therefore, to the plaintiff, "of the said notes or the avails thereof," was appropriate in its terms to convey the present claim to the plaintiff. A transfer of the principal debt carries all collaterals and contingencies connected with it. The transfer of a debt carries a mortgage or judgment which is held as collateral to it. The transfer of a note or draft, invalid by reason of a statutory prohibition, carries with it a claim for money had and received, arising out of the transaction for which the note or draft was given. (*The Ontario Bank* v. *The Oneida Bank*, 21 N. Y. R., 490; *Tracy* v. *Talmage*, 14 id., 192; *Jackson* v. *Blodgett*, 5 Cow., 202; *Patten* v. *Hall*, 9 Cow., 747, *Langdon* v. *Buel*, 9 Wend., 80.)

The same considerations are in point to show that the complaint is sufficient, either in its special counts or its general ones, to sustain the recovery.

The judgment should be affirmed with costs.

LEONARD, C. The counsel for the defendant urges several objections to the plaintiff's recovery, the most of them being of a very technical character. It is urged that there was no consideration for the assignment of Cook, Clark & Cary to the plaintiff. It was in writing, signed by the parties, and purported to be for value received. The assignors transferred their interest, and the plaintiff became thereby the real owner. Any judgment recovered by him bars the claims of the assignors and protects the defendant. Being a chose in action, the transfer does not preclude the defendant from interposing any defence which he could have made against the assignors had the action been brought by them. The execu-

tion of the assignment complies with the requirement of the Code, and makes the plaintiff the real party in interest. (Section 111.) The rights of the defendant are protected by section 112.

The defendant further insists that the assignment did not convey to the plaintiff any right of action for money not collected by the defendant.

The defendant sold some of the notes received on a joint demand belonging to himself and the said assignors at a very large discount before they became due. These facts were not known to the assignors nor to the plaintiff when the assignment was executed. The instrument assigned the interest of the parties in the *notes or the avails.* These terms in effect include the demand as proven. Where a loan was made to a bank, for which post notes were delivered, which were illegal, but were afterward assigned by the lender to another bank, it was held that the assignee could recover on the original loan to the debtor bank, although the action was upon the post notes, and no transfer of the original loan had been made. The transfer of the post notes, which was the evidence of the loan, although illegal, and no action thereon could be maintained, carried the right of action for the money loaned. (*Oneida Bank* v. *Ontario Bank*, 21 N. Y. R., 490.)

The assignment transferred every right of action against the defendant growing out of the receipt of the notes and the refusal to pay the share thereof, which belonged to the assignors. The notes were over due, had been paid by the makers; but the defendant denied that he had collected them, and alleged that they were worthless. So far as the assignors knew of any right of action which they had, it was described. They intended to transfer all the interest or right of action which they had arising out of the possession of the notes and this refusal of the defendant to pay their share. By reason of the falsehood and concealment of the defendant when interrogated, a technical description of the precise manner in which the cause of action for some part of the demand originated was not contained in the assignment. The general language

transferring the notes or their avails assigns the right of action
for the notes or their value. If the defendant had not the
notes or the value, he ought to have had them or the value,
and is chargeable accordingly.

The complaint sets up the facts as they were known and
understood by the assignors and the plaintiff, and in the form
in which they might well believe that they existed, in par-
ticular as to the receipt by the defendant of the amount of the
notes. He had stated that the notes were worthless, and
denied that he had collected anything on them. Had he
told the truth, it is probable that the assignment and the
complaint would have more exactly described that portion of
the proceeds of the notes, which was not received by the
defendant, by reason of their sale at a large discount.

The defendant also insists that he is not chargeable with
the whole amount of the notes, but with the amount only
which he received on the sale at a discount; that he was
authorized to settle the demands of the assignors as he did
his own, and that a discretion was thereby conferred on him
to sell the notes, acting for the interests of all. No authority
to sell or get into money, the result of the settlement which
he was expected to obtain, was given. When the settlement
was concluded the defendant's authority was at an end. Nor
does it appear that the defendant cared for such authority.
His statements indicate that he never intended to account for
the notes. It was his duty to inform Cook and others who
were interested with him, what he had received on the settle-
ment, and they were entitled to have been consulted before
any disposition of the notes was made. He assumed to act
without them, concealed what he had done, and falsely
asserted that the notes were worthless after he had sold them,
realizing over $2,000. The notes were good, and the full
amount of them was paid by the maker at maturity, with
interest. The defendant in fact converted the notes to his
own use. On the facts stated in the complaint and proven at
the trial, the plaintiff might treat the case as a sale of the
notes to the defendant, thereby waiving the tort arising from

the wrongful conversion. The conduct of the defendant as an agent was unfaithful, and courts are right in being astute in such a case to avoid technical objections that would prevent a recovery and increase the wrong done by the defendant.

The defendant is rightly chargeable under the complaint, without any amendment, and through the assignment to the plaintiff, whether it be held that he is estopped from denying the truth of his statement, which implied that he was possessed of the notes, which he called "worthless," when a demand was made for the share of the assignors upon their supposed payment to him ; or as upon a sale of the notes to him, and an implied promise to pay their value. In either aspect, the recovery bars the assignors, Cook and others, from all further actions against the defendant arising out of the subject of controversy.

The complaint required no amendment ; and although the plaintiff moved for one, in case the referee thought it necessary, and the decision was reserved, I am unable to find from the case, that the referee granted any amendment, or considered one necessary.

The defendant also urges, that the parties were joint owners, and that neither can maintain an action till their accounts have been settled.

There was no partnership. They had a joint demand which had been settled by the debtor, the railroad corporation in Indiana. Each were entitled to one-fourth. The amount due to each could be ascertained by the simple process of a division. There was no accounting of joint transactions as between partners. The defendant undertook an agency for a settlement with the debtors. The fact that he was personally interested in the demand cannot embarrass the action or require an accounting.

The defendant also insists, that his demand for his services and expenses, upon which Cook and others are chargeable with one-fourth, is a counter-claim, and no reply having been put in, that the claim stands legally admitted. There was no counter-claim, for the reason that the demand for services and

expenses was not against the plaintiff, but against Cook and others, and therefore no reply was required.

The claim of the defendant was good as an off-set against the plaintiff's demand, and as such it was considered and allowed by the referee. With the amount of it, or how arrived at by the referee, this court have nothing to do. Those are questions of fact, and not conclusions of law in this case, and are not within the province of this court to be reviewed. The judgment should be affirmed with costs.

All for affirmance, except GRAY, C., not sitting.

Judgment affirmed with costs.