EDWARD A. GREENE, Respondent, *v.* THE NIAGARA FIRE INSURANCE COMPANY, Appellant.

EDWARD A. GREENE, Respondent, *v.* THE GERMANIA FIRE INSURANCE COMPANY, Appellant.

EDWARD A. GREENE, Respondent, *v.* THE HANOVER FIRE INSURANCE COMPANY, Appellant.

EDWARD A. GREENE, Respondent, *v.* THE REPUBLIC FIRE INSURANCE COMPANY, Appellant.

*Action by one for use of another — statements in declaration as to party for whom action is brought.*

These actions were brought upon judgments recovered in the State of Mississippi by the firm of Wm. R. Greene & Co. In the title of the actions, in which no judgments were recovered, following the firm name, were the words, "use of Edward A. Greene," and in the body of the declarations, after the firm name, was added, "who sue for the use of Edward A. Greene." The declarations prayed for judgment for Wm. R. Greene & Co., and the verdict and judgments were in their favor. In these actions brought by Edward A. Greene, in this State, *held*, that the allegations in the former suits as to his interest in the subject-matter thereof were not traversable, and that the recovery of the judgment did not establish his interest therein.

The provision of the Code requiring all actions to be prosecuted in the name of the real party in interest, applies to persons having the title to the instrument on which the action is brought, even though the proceeds, when recovered by him, are to be paid over to another person ultimately entitled to receive them from him.

Appeals from judgments in favor of the plaintiff, recovered upon trials before the court, without a jury.

*G. W. Cotterill*, for the appellants.

*R. Mathewson*, for the respondent.

DANIELS, J. :

The plaintiff, in each of these actions, recovered upon judgments against the several defendants, rendered upon trials had in the Circuit Court of Warren county, in the State of Mississippi, in actions upon policies of insurance issued to William R. Greene & Co. The policies were in the usual form of fire insurance, and by their terms insured that firm against loss by fire to their stock of dry goods, groceries, plantation supplies, and goods held in trust, in the store occupied by them in Vicksburg. In the title of the actions by the firm upon the policies, following the name of the firm, were the words, " use of Edward A. Greene," and in the body of the declarations, after the firm name, was added the clause : " who sue for the use of Edward A. Greene." But it was the firm of William R. Greene & Co., who, as plaintiffs, prayed for judgment in the actions, and the verdicts were in their favor, and they recovered judgments upon them. The form followed was, that " We, the jury, find for the plaintiffs, and assess their damages," etc., and " it is, therefore, considered by the court that the plaintiffs do have and recover," etc. No further notice was taken of Edward A. Greene than that contained in the title of the actions and the commencement of the declarations. Whether the firm prosecuted the actions for the use of Edward A. Greene was not a traversable fact, nor made an issue in the case, and no adjudication appears to have been had upon it. The plaintiffs simply asserted that to be the fact. The defendant, in each case, pleaded the general issue and added other special pleas, but neither required any investigation of, or adjudication upon the fact, whether the actions were, or were not prosecuted for the use of Edward A. Greene. The statement concerning the fact was descriptive merely, and not contained in the form or substance of the issue. Whether they sued for his use or not was entirely unimportant to the right to recover, or the defenses asserted. If the firm had good cause of action upon the policies, as they appear from the judgments to have had, that entitled them to recover without reference to any ultimate interest or claim which Edward A. Greene might have as against them for the money. And the cases were so treated by the court, for it was the firm in whose favor the verdicts were rendered, and the judgments recovered. All that the records contained concerning any

right of Edward A. Greene to be benefited by the money recovered, was the simple assertion of the firm, that the recovery was for his use, and the truth of it was not established by any thing contained in the records, nor in any other way whatever. And that mere assertion was not such evidence of the fact as proved its existence against the defendants in the actions afterwards brought upon the judgments by Edward A. Greene as plaintiff. As the facts upon this subject were made to appear by the evidence given in the cases, they made no stronger case in the plaintiff's favor. They neither showed him to be the owner of the policies nor of the judgments recorded upon them. They were substantially what the defendants, in one of their special pleas, averred them to be. And that was, that the firm insured had " voluntarily transferred the title to the property insured to one Henry S. Greene to secure one Edward A. Greene certain obligations paid plaintiffs, therein set forth, to wit, " to pay said Edward A. Greene $80,000," etc. And it did appear, from the proof, that the firm had executed a deed of trust to Henry S. Greene, by which the property insured was transferred to him " for the purpose of securing to the said Edward A. Greene the full and faithful performance, by the said W. R. Greene & Co., of all agreements and obligations hereinbefore set forth to be done and performed by them." And, besides stating what those agreements and obligations were, the deed provided that, in case of default in performance on the part of the firm, " the said Henry S. Greene, trustee, shall immediately be authorized to take possession, or whenever he may be directed so to do by said Edward A. Greene, of all the property, effects, accounts, debts, bills receivable and securities herein conveyed, and convert the same into money by sale or by collecting," etc. " And the said Henry S. Greene, trustee, shall apply the said property and the proceeds thereof, in whatever manner the same may be realized, to the payment of such sum as may be due to said Edward A. Greene by W. R. Greene & Co., for," etc. And after such payment, it was provided in the deed that any residue which might be left, should be transferred and reconveyed to the firm. This instrument, so far as it proved effectual for any purpose, merely transferred and assigned the property, demands and effects of the firm to Henry S. Greene in trust for the benefit of Edward A. Greene, the present plaintiff.

It made Henry S. Greene the trustee of an express trust, and if the policies had been assigned or transferred by means of it, he, and not the plaintiff, should have brought the actions in this court upon the judgments recovered upon them. Where the title is vested in a trustee or assignee for the benefit of another, the latter can maintain no action for the recovery of the property or debts assigned, unless the trustee declines to bring the proper action himself, or is colluding with the party to be prosecuted ( *Weetjen* v. *Vibbard*, 12 S. C. [5 Hun], 265) ; and neither of those facts was averred or proved in either of these cases. But the deed of trust showed, upon its face, that the policies had not been transferred or assigned. It stated that the stock, etc., was " covered by insurance, in sundry offices, to the extent of $30,000, the policies on which will be transferred to said Henry S. Greene whenever he may desire it, with the consent of the underwriters ; " and no evidence of any such assignment as that was given in the cases. Under the trust deed alone neither the trustee nor the plaintiff in these suits had any right, as owner, to the policies or to the judgments recovered upon them. It was also left very doubtful by the proof, whether any thing whatever remained unpaid on the agreements and obligations that instrument was designed to secure. No such interest in the moneys to be recovered by the judgments was shown in the present plaintiff as was sufficient to enable him to maintain these actions. The learned judge, before whom they were tried, placed the right to recover in them solely upon the fact mentioned in the suits upon the policies, that they were prosecuted for the use of the plaintiff. But as that was not within the issues joined in those actions, and found no part of the controversies between the parties to them, and the verdicts and judgments were, in express terms, demanded by and rendered for the firm, the mere statement that was made, did not sustain the conclusion drawn from it. The Code requires suits to be commenced and prosecuted in the name of the real party in interest ; and that has been held to be the person having the title to the instrument on which the action is brought, even though the proceeds, when recovered by him, are to be principally paid over to another person ultimately entitled to receive them from him. ( *Williams* v. *Brown*, 2 Keyes, 486 and 488 ; *Allen* v. *Brown*, 44 N. Y., 228,

231; *Fulton* v. *Fulton*, 48 Barb., 581.) As these cases now appear, the actions should have been brought in the name of the members of the firm of William R. Greene & Co. The plaintiff cannot maintain them without some further proof of title than that given upon the trials already had. The determination of the court upon the demurrer does not aid the present plaintiff, for the complaints averred more than the proof has established. It was alleged that the policies, at the time of bringing the actions upon them, were the property of Edward A. Greene. If that had been the fact these suits might well have been sustained in his name. But the proof failed to sustain that allegation.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgments reversed and new trials ordered, costs to abide event.