### New York Marine Court.

#### Trial Term—December, 1875.

## ADDISON S. DIOSSY against CHARLES G. HEUBERER, ET AL.

**Extent of the Set-off allowed by Section 112 of the Code.**—S. S. and J. A. S. had a claim against the defendant, which they assigned to the plaintiff, on September 18, 1875.

On October 1, 1875, the defendant, without notice of such assignment to the plaintiff, purchased a judgment against the plaintiff's assignors, which they claimed to set-off against the demand assigned to the plaintiff. *Held*, that such set-off was not allowable.

McADAM, J.—The defendants, in their answer, admit that Samuel Secor and John A. Secor performed work and furnished materials to the said defendants, at their instance and request, to the value and amount of $5,137.60 ; that they paid on account $4,600, leaving $537.60 due. They also admit that, on September 18, 1875, the Secors, by an instrument in writing under seal, for a valuable consideration, assigned said claims to the plaintiff, and they allege by way of defense that since the commencement of the action, and on or about October 26, 1875, the defendants paid to the plaintiff $324.12, thereby reducing the claim sued upon to $213.18, and by way of defense to this admitted balance, the defendants plead in due form the recovery of a judgment against the Secors, on October 1, 1875, in an action brought by one Herman Stull, for $213.18, and the defendants then allege an assignment to them by Stull of this judgment on October 8, 1875, and further allege that the said assignment was made to them in good faith, and for a valuable consideration, and without any notice whatever of the assignment to

the plaintiff. The plaintiff moves for judgment upon these conceded facts, claiming that as the judgment assigned to the defendants was recovered after the assignment to him, it cannot be used as a set-off to the claim in suit. Section 112 of the code, among other things, provides that "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of or before notice of the assignment."

The language of this section apparently authorizes the set-off claimed by the defendants, but its spirit and meaning, as judicially declared in reported cases, do not. The court of appeals, in the case of Beckwith *v.* Union Bank of New York (9 *N. Y.* 211), *held,* that section 112, *supra,* was not intended to change the substantial rights of parties, but only to introduce such alterations in the mode of protecting them as were rendered necessary by the provisions of sections 111 and 113, which require, in most cases, the real party in interest to be plaintiff. This section (112) for example, would have protected any payment by the defendants to the Secors, even after their assignment to the plaintiff, provided the payment was made in good faith and without notice of the assignment; but it was never intended to enable a defendant to purchase a judgment recovered against an assignor subsequent to a valid assignment of a claim, and then use such a judgment as an offset or defense to an action by the prior *bona fide* assignee of the claim upon the mere allegation that the purchase of the judgment was made without notice of the prior assignment of the claim.* The defendants, by departing from their

---

* In an action in the name of the assignor of a non-negotiable contract for benefit of the assignee, defendant cannot set off demands acquired subsequent to the assignment, though before notice of it (Mead *v.* Gillett, 19 *Wend.* 397; Martin *v.* Kunzmuller, 37 *N. Y.* 396).

usual course of dealing, assumed all the risks incident to their purchase, and must not complain of the result. The judgment purchased by them, having been recovered subsequent to the assignment to the plaintiff, is neither an offset nor defense to his right of recovery (Ogden v. Prentice, 33 *Barb.* 160 ; Lowell v. Lane, *Id.* 295, 302). As section 112 of the code does not aid the defendants, the maxim " *qui prior est tempore, potior est jure* " must prevail. Judgment is therefore rendered in favor of the plaintiff for $213.18, with interest, costs, and 5 per cent. allowance.