JOHN M. BRUCE, Respondent, *against* WELLINGTON A. CARTER, Appellant.

(Decided February 5th, 1877.)

Where on the compromise of an action the defendant therein on his part gives his notes with an endorser, and the plaintiff on his part promises that on payment of the first of said notes he will give a release which upon payment of all of the notes, and not until then, shall take effect, and that he will then discontinue without costs and will not bring other suits, &c., the obligations of the parties are *independent*, the promise is a good consideration for the notes, and a failure to give the release upon the payment of the first notes, and where the release was not demanded, is not a good defense to an action brought on the last notes against the endorser by a person who took them for value before maturity with notice of the terms of the agreement in accordance with which they were made.

APPEAL from a judgment of the Marine Court of the city of New York entered upon an order of the general term of that court affirming a judgment entered upon a verdict rendered against the defendant by direction of that court at trial term. The facts sufficiently appear in the opinion.

*Geo. P. Avery,* for appellant.

*Albert Stickney,* for respondent.

ROBINSON, J.—The two notes in suit, being each for $1,000, were made in September, 1875, by Joseph Kelly, to the order of, and endorsed by, the defendant, and were executed and delivered in part performance of an agreement of com- promise of certain actions in the Supreme and Superior Courts. of this city, in which James J. A. Bruce and others were plaintiffs and said Joseph Kelly and others were defendants, which provided, among other things, for the payment to the plaintiffs in those actions, of six thousand dollars, as follows : Five hundred dollars in cash; fifteen hundred dollars by a note payable in ten days; one thousand dollars by a note payable November 1, 1875 ; one thousand dollars by a note payable in four months ; one thousand dollars payable in a. note at five months; and another one thousand dollars in a note payable in six months, the notes in suit being. the two latter, and the agreement provided in consideration of such payment and obligation that when three thousand dollars had been paid, the suit in the Superior Court should be at once discontinued, and the decree therein modified in certain particulars, and that each of the plaintiffs in those actions should also at that time execute and deliver to the defendants a release under seal, duly acknowledged, releasing each and every one of the defendants in both of said actions " from all claim and demand of every kind and nature for or on account or by reason of the various matters, acts and trans- actions set forth and alleged in the complaints in said actions, or in either of them, which release, however, shall not become operative in favor of the defendants until all of said notes. are paid, when said release shall become valid and binding," and thereupon the suit in the Supreme Court was to be dis- continued without costs to either party, and no suit was to be brought upon the undertaking given by plaintiffs in the Supreme Court suit, or for damages. All those notes have

been paid except the two in suit; they were transferred to the plaintiff, by James J. A. Bruce, in January, 1876, before maturity, in payment of advances he had made the plaintiffs in those actions to carry them on.

The only point taken by the defendant on the appeal which requires attention is, that the agreement not having been fulfilled by the plaintiffs in those actions, in as much as the three thousand dollars first specified had been paid and no such release as the agreement provided for had been executed or tendered before the commencement of this action, and the plaintiff in this action was in no better position than were the plaintiffs in those, as he took the notes knowing they were given on that settlement. This objection to a recovery was taken on the trial and was overruled, and a verdict for the plaintiff directed by the judge in favor of the plaintiff, to which exception was taken. The notes in suit were taken by plaintiff before maturity upon a valid consideration. They were not impeachable for fraud or want of consideration. The release that was to have been given by the plaintiffs in the actions in the Supreme and Superior Courts did not constitute the entire nor any specific consideration for these notes. It was never demanded and was not to become operative, until both the notes were paid. Its execution and delivery contained no element of value or efficiency until the payment of the notes, which would have been effectual as a complete accord and satisfaction without its execution. The obligations of the parties to the agreement were independent, and Kelly, the maker, has a complete remedy for any damages he may have sustained from any breach of the agreement to execute and deliver it. But that ground of claim furnishes no defense to the defendant against the notes (*Freligh* v. *Platt*, 5 Cow. 94; *Payne* v. *Ladue*, 1 Hill, 116 ; *Bellows* v. *Folsom*, 2 Robt. 138 ; *Lewis* v. *McMillen*, 41 Barb. 426). Plaintiff was entitled to recover unless notice had been given him of the existence of some adverse claim growing out of the agreement upon which it was given, which could be personally asserted by the defendant (*Davis* v. *McCready*, 17 N. Y. 230 ; *Lasher* v. *Williamson*, 55 N. Y. 619).

The defendant was not a party to nor (so far as appears) in any way interested in the original agreement. He was but surety for Kelly, and his duty is to pay his obligation and take his remedy against his principal. (*Williams* v. *Brown*, 2 Keyes, 486; s. c. 4 Abb. Ct. App. Dec. 609; *Lewis* v. *McMillen*, *supra*.)

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.*

---

* The decision here was affirmed by the Court of Appeals, Feb. 23d, 1878.