ALEXANDER S. HAYS, RESPONDENT; *v.* RICHARD H. SOUTHGATE AND CHARLES F. SOUTHGATE, APPELLANTS.

*Promissory note — action upon — Title of plaintiff — denial of.*

Upon the trial of this action, brought against the maker and payee of a promissory note, the plaintiff read in evidence the note signed by the maker and indorsed in blank by the payee. The defendants set up in their answer, and offered to prove upon the trial, that the note was never transferred to the plaintiff; that he was not the legal owner or holder thereof, and that he was

not the real party in interest, but that the Saratoga Bank was the real party in interest and the owner of the note. *Held*, that as these facts, if proven, would constitute no defense to the action proof thereof was properly rejected. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at the Circuit.

*Carr & Peters*, for the appellants. The plaintiff must be the real party in interest. (*Tamisier* v. *Cassard*, 17 Abb., 187; *Kill-more* v. *Culver*, 24 Barb., 656; *Sanford* v. *Sanford*, 45 N. Y., 723; *Metropolitan Bank* v. *Lord*, 1 Abb., 185; S. C., 4 Duer, 630; *Flood* v. *Reynolds*, 13 How., 112; *Duncan* v. *Lawrence*, 6 Abb., 304; S. C., 3 Bos., 103; *Clark* v. *Phillips*, 21 How., 87; *James* v. *Chalmers*, 6 N. Y., 215.)

*Putnam & Huestis*, for the respondent. The holder of a note payable to bearer, or indorsed in blank, may sustain an action, although in fact not the owner. (*Lovell* v. *Evertson*, 11 John., 52; *Gage* v. *Kendall*, 15 Wend., 640; *City Bank of New Haven* v. *Perkins*, 29 N. Y., 554; *Devol* v. *Barnes*, 2 W. Dig., 384; *Brown* v. *Penfield*, 36 N. Y., 473; *Williams* v. *Brown*, 2 Keyes, 486; *Eaton* v. *Alger*, 47 N. Y., 345; *Allen* v. *Brown*, 44 id., 228; *Cummings* v. *Morris*, 25 id., 625.)

BOARDMAN, J.:

This is an action on a promissory note against the maker and indorser. The defendants, by their answer, deny that the note was ever transferred to the plaintiff or that he is the legal holder or owner thereof, or that he is the real party in interest, and allege that the Saratoga Savings Bank is the real party in interest and the owner and holder thereof, and should be plaintiff. On the trial, the plaintiff produced and read in evidence the said note, signed by the maker and indorsed in blank by C. F. Southgate, defendant, the payee in said note named. After proving the amount due thereon the plaintiff rested. The defendants thereupon offered to prove the facts set up in their answer. The evidence was rejected and defendants excepted. This presents the only question for review. The defendants claim the answer states facts constituting a defense, and that the court erred in holding to the contrary.

The case of *The City Bank of New Haven* v. *Perkins* (29 N. Y., 554) seems to be a conclusive authority against the defendants. The learned judge in that case says : " The defendant stands here as a mere volunteer in behalf of others not before the court, and who make no claim on their own account. Confessedly he owes the debt. * * * It will be time enough to determine whether any other person has a better title, when such person shall come before the court to claim the bills in question or their proceeds from the plaintiffs." Again, " Nothing short of *mala fides* or notice thereof will enable a maker or indorser of such paper to defeat an action upon it by one who is apparently a regular indorsee or holder, especially when there is no defense as to the indebtedness." Again, " The title is good as against the defendant and that is sufficient. If there are any others who claim a title to the instruments superior to that of the plaintiff's it can be determined whenever they come before the court to assert it." To the same effect are *Brown* v. *Penfield* (36 N. Y., 473); *Cummings* v. *Morris* (25 id., 625); *Devol* v. *Barnes* (7 Hun, 342); *Eaton* v. *Alger* (47 N. Y., 345).

The plaintiff, holding this note indorsed in blank, might lawfully have made the note payable to himself, in which case it would have given to him a title which could only be divested by his subsequent indorsement. That would have made him the holder and owner in law. The effect is the same under a blank indorsement. That constitutes a written assignment of the security and makes the plaintiff the real party in interest under section 111 of the Code. (*Allen* v. *Brown*, 44 N. Y., 228 ; *Sheridan* v. *Mayor*, 4 Week. Dig., 28 [Ct. of Appeals], and cases cited.) In the latter case, HUNT, C., says : " In a case like this the whole title passes to the assignee and he is legally the real party in interest, although others may have a claim against him for a portion of the proceeds. The specific claim and all of it belongs to him. Even if he is liable to another as a debtor upon his contract for the collection he may thus make, it does not alter the case. The title to the specific claim is his."

In the absence of any allegation of *mala fides* in plaintiff's possession of this note, the cases cited establish the correctness of the ruling below and show that the facts stated in the answer do not, if proved, constitute any defense to this action.

The cases cited by the defendants, *Metropolitan Bank* v. *Lord*

(1 Abb., 185); *Flood* v. *Reynolds* (13 How., 112); *Duncan* v. *Lawrence* (6 Abb., 304); *Tamisier* v. *Cassard* (17 id., 187), arise on the sufficiency of answers denying plaintiff's ownership of the notes sued upon and setting up another owner. These were held to be issuable facts and to compel the plaintiff to prove his title. But they do not reach this case where a sufficient title has been proved on the trial. *Sheldon* v. *Parker* (3 Hun, 498) was decided on the question of *bona fides*. *Killmore* v. *Culver* (24 Barb., 656) must be considered as overruled by the cases cited. In *Sanford* v. *Sanford* (45 N. Y., 723) the defendant, as executor, claimed to be owner and holder of the note and entitled to the proceeds equally with the plaintiff, who was executrix under the same will.

On a careful examination of the authorities I am well satisfied that no error was committed by the learned judge who tried this case at the Circuit, and that the judgment should be affirmed with costs.

LEARNED, P. J. (dissenting):

I understand that it is settled that, in an action on a note, the plaintiff must have the legal title. (*Eaton* v. *Alger*, 47 N. Y., 345, and S. C., 57 Barb., 179; *Sheridan* v. *Mayor*, 4 Week. Dig., 28; Code 111.) On the other hand, if he has the legal title, then he is the real party in interest for the purpose of the suit, although the transfer to him was colorable (*Sheridan* v. *Mayor*, *ut supra*), although there might be equities against the plaintiff's assignor (*City Bank* v. *Perkins*, 29 N. Y., 554); or although the consideration of the transfer was inadequate (*Brown* v. *Penfield*, 36 N. Y., 475). In all of these three cases the plaintiff had the legal title. (See *Sanford* v. *Sanford*, 45 N. Y., 723.)

In the present case the possession of the note, with the indorsement of the payee, was *prima facie* evidence of the plaintiff's title. It was not conclusive. The defendants offered to prove that the note was not the property of the plaintiff; that it had never been transferred to him, that it was the property of the Saratoga Savings Bank. Now, unless the defendant is to be precluded altogether from giving any evidence of a matter confessedly issuable, I do not see how this offer could be rejected. What he would have proved in fact, we cannot say. We must take his offer as good for all that

it proposed.   Under the offer, for instance, he might have shown that the note had been accidentally lost by the Saratoga Savings Bank, and had been found by the plaintiff.   The defendant's offer was to show that the legal title to the note was not in the plaintiff, but in another person named.   We must assume that he could have shown this.   If shown, it would have been a defense.   It is possible that if the facts had been proved, they would not have shown that the plaintiff did not have the legal title.   But we cannot determine that, on the offer.

The fact of legal title in the plaintiff is issuable.   The plaintiff had given *prima facie* evidence of this fact.   There was no estoppel to prevent the defendant from disproving this fact, and he offered to do so.

I think the judgment should be reversed and a new trial granted.

Present — Learned, P. J., Bookes and Boardman, JJ.

Judgment affirmed.