McGown, J.
The facts herein are undisputed, and the only question presented for our consideration is whether a joint judgment owned by the defendants can be the subject of a counter-claim against the amount found due the plaintiff, the general term of the court of common pleas having decided (December, 1887), that the counter-claim set up in the defendant’s answer was a proper subject of a counterclaim.
The assignments of the judgment by Donovan to the Harringtons were absolute on their face, and the assignee, by an absolute assignment in writing, is ‘ ‘ the real party in interest,” under section 449 of the code, notwithstanding it may appear that his assignor “expects to get his money if it is recovered in the action.” Allen v. Brown, 44 N. Y., 228; Meeker v. Claghorn, id., 349; Stone v. Frost, 61 id., 615; Sheridan v. The Mayor, 68 id., 31.
Had the assignments not been made, Donovan as principal debtor, the undertaking sued on in the action being several as well as joint, could have counter-claimed the judgment, as it would have enured to the benefit of the other defendants. Newell v. Salmons, 22 Barb., 647; Briggs v. Briggs, 20 id., 477.
I find no errors herein which require a reversal, and the judgment appealed from should be affirmed with costs.
PrrsHKE, J., concurs: