## BINGHAMTON TRUST CO. v. CLARK.

(Supreme Court, Appellate Division, Third Department.　July 6, 1898.)

**1. TRUST COMPANY—AUTHORITY TO DISCOUNT NOTE.**

By Laws 1892, c. 689, § 156, a trust company has power to receive deposits, to loan money on real or personal securities, "to purchase, invest in and sell stocks, bills of exchange, bonds, and mortgages and other securities," and "to exercise the powers conferred on individual banks and bankers by section 55 of this act, subject to the restrictions contained in said section," which section permits them to "take, receive, reserve and charge on every loan and discount made, or upon any note, bill of exchange or other evidence of debt, interest at the rate of six per cent."; and section 159 confers power on a trust company to invest moneys received by it in such securities as it may deem proper. *Held*, authorized to take a transfer of a note, and to recover thereon against the maker.

**2. ACTION ON NOTE—COUNTERCLAIM.**

The maker of a note, transferred to a third party before due, cannot interpose a counterclaim against the original payee.

**3. SAME—PLEADING.**

In an action on a note transferred before due, defendant's allegation in relation to a counterclaim against the original payee "that said plaintiff took the said note subject to said offset or counterclaim" is a conclusion of law, and not admitted by a demurrer.

Appeal from special term.

Action by the Binghamton Trust Company against Edward K. Clark on a note.　Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Roger P. Clark (E. K. Clark, of counsel), for appellant.
W. J. & F. W. Clark (W. J. Clark, of counsel), for respondent.

PUTNAM, J.　I advise an affirmance of the judgment entered in this case.　There is no denial in the answer of any of the allegations of the complaint.　It therefore is admitted that the plaintiff was duly organized and incorporated under and in accordance with the provisions of chapter 546 of the Laws of 1887; that on the 2d day of April, 1896, the defendant, for a good and valuable consideration, made, executed, and delivered to C. A. Whitney & Co. the promissory note set out in the complaint; that thereafter, and before the said note became due, for a good and valuable consideration, the same was duly indorsed and transferred to the plaintiff, who thereupon became the owner and holder thereof; that no part of said note has been paid; and that the sum of $180, with interest thereon from the

2d day of June, 1896, remains due thereon, together with the costs of protest.

In the first defense, the defendant, not denying either of the allegations of the complaint, avers that the plaintiff, when it took said note, was engaged in doing a general banking business, and the taking of said note was a part of the transaction of such business; that the plaintiff, when taking said note, was discounting commercial paper, and the taking of said note was a part of a general business of discounting such paper, and in violation of the statutes of the state of New York; and that hence the note was void in the hands of the plaintiff. Chapter 546 of the Laws of 1887 was repealed by the banking law (chapter 689, Laws 1892). I think, under the provisions of section 156 of that act, the plaintiff clearly had power to take and hold the note in question. Under the allegations in the complaint not denied by the answer, it must be deemed that the note had a legal inception before it was transferred to the plaintiff. Under the provisions of section 156 of the banking law, the plaintiff had power "to receive deposits of trust moneys, securities and other personal property from any person or corporation, and to loan money on real or personal securities" (subdivision 2); "to purchase, invest in and sell stocks, bills of exchange, bonds, and mortgages and other securities" (subdivision 9); "to exercise the powers conferred on individual banks and bankers by section 55 of this act, subject to the restrictions contained in said section" (subdivision 11); and section 159 of the banking law confers power upon a trust company to invest moneys received by it "in such real or personal securities as it may deem proper." I see no reason to doubt, therefore, the power of the plaintiff to take a transfer of the note set out in the complaint, and to recover thereon against the maker thereof.

The second defense, not denying the due incorporation of the plaintiff, the making of the note set out in the complaint for a valuable consideration, and its transfer to the plaintiff for a valuable consideration before it became due, attempts to set up a counterclaim as a partial defense to the action. It is well settled that the maker of a note transferred to a third party before it becomes due cannot interpose a counterclaim against the original payee of the note. Dodge v. Ockerhausen (Sup.) 22 N. Y. Supp. 25; Williams v. Brown, *41 N. Y. 486; Code Civ. Proc. § 502, subd. 2.

The allegation in the answer "that said plaintiff took the said note subject to the said offset or counterclaim" is an averment of a conclusion of law, and not a statement of fact, and therefore not admitted by the demurrer. See Bonnell v. Griswold, 68 N. Y. 298.

All concur.